

**null / ALL**
**Transmittal Number: 26268795**
**Date Processed: 01/25/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |

| | |
|---|---|
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | Scottsdale Insurance Company<br>Entity ID Number 3286058 |
| **Entity Served:** | Scottsdale Insurance Company |
| **Title of Action:** | H5R, LLC vs. Scottsdale Insurance Company, a/k/a Nationwide Insurance |
| **Matter Name/ID:** | H5R, LLC vs. Scottsdale Insurance Company, a/k/a Nationwide Insurance (13522968) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Dallas County District Court, TX |
| **Case/Reference No:** | DC-22-09391 |
| **Jurisdiction Served:** | Ohio |
| **Date Served on CSC:** | 01/25/2023 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | Dept. of Insurance |
| **How Served:** | Client Direct |
| Sender Information: | Palmer Lehman Sandberg, PLLC, f/k/a Palmer & Manuel, PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**DEFENDANT'S EXHIBIT A**

I00098127002012523





USPS CERTIFIED MAIL

GC-CC0
TEXAS DEPARTMENT
OF INSURANCE
1601 CONGRESS AVE STE 6.900
AUSTIN, TX 78701

9214 8901 9403 8301 3417 74

SCOTTSDALE INSURANCE COMPANY
1 WEST NATIONWIDE BLVD. DSPF 78
COLUMBUS, OH 43215-2220

Return Ref#: Ecase 31255
Custom 1: Cause DC-22-09391

Postage: $8.8800

**TDI** | Texas Department of Insurance

PO Box 12030 | Austin, TX 78711 | 800-578-4677 | tdi.texas.gov

January 17, 2023

USPS Certified Mail No.
9214 8901 9403 8301 3417 74
Return Receipt Requested

Scottsdale Insurance Company
1 West Nationwide Blvd. DSPF 78
Columbus, OH 43215-2220

Re:  Cause No. DC-22-09391; styled *H5R, LLC vs. Scottsdale Insurance Company, a/k/a Nationwide Insurance*; in the 298th Judicial District Court, Dallas County, Texas

Dear Sir or Madam:

Service of Process has been requested through the Commissioner of Insurance.  Enclosed please find the citation, Plaintiff's Original Petition, and Exhibits in the above-referenced matter. These documents were served upon the Commissioner of Insurance on January 17, 2023.

Sincerely,

Jonathan Kogut
Program Specialist
Jonathan.kogut@tdi.texas.gov

enclosures

J0009812700040125 23

FORM NO. 3534  CITATION
THE STATE OF TEXAS

To:  SCOTTSDALE INSURANCE COMPANY AKA NATIONWIDE INSURANCE
SERVE COMMISSIONER OF INSURANCE
PO BOX 149104  AUSTIN TX 78714-9104
SERVING 1 WEST NATIONWIDE BLVD. DSPF 78
COLUMBUS, OH, 43215-2220

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with    the clerk
who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were
served this citation and  petition, a default judgment may be taken against you.
In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other
parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with
the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **298th District
Court**  at 600 Commerce Street, Dallas Texas, 75202.

Said **PLAINTIFF** being   **H5R, LLC**

Filed in said Court on the **8th day of August, 2022** against

**SCOTTSDALE INSURANCE COMPANY AKA NATIONWIDE INSURANCE**
For suit, said suit being numbered   **DC-22-09391**  the nature of which demand is as follows:
Suit On  **CNTR CNSMR COM DEBT** etc.
as shown on said petition  a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.

Given under my hand and the Seal of said Court at office on this the **22nd day of August, 2022**
ATTEST: FELICIA PITRE Clerk of the District Courts of Dallas, County, Texas

By _____ , Deputy
            **SHELIA BRADLEY**

---

**ESERVE (SOS)**

## CITATION

No.: DC-22-09391

**H5R, LLC**
vs.
**SCOTTSDALE INSURANCE COMPANY**

ISSUED
**ON THIS THE 22ND DAY OF
AUGUST, 2022**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **SHELIA BRADLEY**, Deputy

Attorney for : Plaintiff
**JEFFREY ROBERT SANDBERG**
PALMER LEHMAN SANDBERG PLLC
F/K/A PALMER & MANUEL PLLC
8350 N CENTRAL EXPY STE 1111
DALLAS TX 75206
214-242-6444
jsandberg@pamlaw.com

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

**RECEIVED**

JAN 10 2023

TEXAS DEPT OF INSURANCE
SERVICE CENTER

Cause No. DC-22-09391
Court No: 298th District Court

Style: H5R, LLC
vs.
SCOTTSDALE INSURANCE COMPANY

## OFFICER'S RETURN
## FOR INDIVIDUALS

Received this Citation the _____ day of _____, 20 _____, at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 _____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first endorsed on same the date of delivery.

--------000000--------

## OFFICER'S RETURN
## FOR CORPORATIONS

Received this Citation the _____ day of _____, 20 _____, at _____ o'clock _____ .M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20 _____, at _____ o'clock by summoning the within named Corporation, _____ President - Vice President - Registered Agent - in person, of the said

--------000000--------

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first endorsed on same the date of delivery.

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| For Serving Citation | $ _____ | Sheriff _____ |
| For Mileage | $ _____ | County of _____ |
| For Notary | $ _____ | State of _____ |
| Total Fees | $ _____ | By _____ |
| | | Deputy |

(Must be verified if served outside the State of Texas)
State of _____
County of _____
  Signed and sworn to me by the said _____ before me this _____ day of _____, 20 _____, to certify which witness my hand and seal of office.

_____
State & County of

Seal

Case 3:23-cv-01197-K-BN   Document 1-1   Filed 05/24/23   Page 6 of 30   PageID 12

8/8/2022 4:59 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

DC-22-09391

## CAUSE NO. _____

| | | |
|---|---|---|
| H5R, LLC,<br>    **Plaintiff,** | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| **VS.** | §<br>§ | 298th |
| | § | **_____ JUDICIAL DISTRICT** |
| Scottsdale Insurance Company, a/k/a<br>Nationwide Insurance,<br>    **Defendant.** | §<br>§<br>§ | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

COME NOW Plaintiff H5R, LLC ("H5C" or "Plaintiff"), complaining of Defendant Scottsdale Insurance Company, a/k/a Nationwide Insurance ("Nationwide or "Defendant"), and for cause of action would respectfully show this Court as follows:

### I. LEVEL 2 - RULE 190.3 DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery under Level 2.

### II. PARTIES

Plaintiff H5R, LLC is a Texas limited liability company and Dallas County, Texas resident and is properly before the Court.

Defendant Scottsdale Insurance Company, a/k/a Nationwide Insurance is a national insurance company that maintains its headquarters at 1 West Nationwide Blvd. DSPF 78, Columbus, OH 43215-2220. Nationwide has designated the following individual to accept service of process:

> Commissioner of Insurance, Agent for Service of Process
> P.O. Box 149104
> Austin, TX 78714-9104

J0009812700601252Z3

The Commissioner of Insurance is then to mail the citation and petition to:

Corporation Service Company
211 E 7th St., Suite 620
Austin, TX 78701-3218

### III. VENUE AND JURISDICTION

The amount in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the Defendant because Defendant conducts business operations in Texas.

Venue is proper in Dallas County, Texas because Defendants' business operations are in Dallas County, the real property that is the subject of the insurance contract and that is the subject of this litigation involves real property located in Dallas County, and all or a substantial part of the causes of action arose in Dallas County.

### IV. FACTUAL BACKGROUND

H5R is the owner of record of real property located at 2665 Farmers Branch Lane, Dallas, Dallas County, Texas 75234 (the "House"). The House is a one-family residence.

**A.    The Contract.**

Nationwide is a national insurance company that enters into insurance contracts with its insureds. The insurance contracts detail Nationwide's promises to pay claims if certain covered causes of loss occur. H5R and Nationwide entered into an insurance contract on or about December 17, 2020 in the form of a renewal of policy #CPS32115869 (the "Contract"). In summary, the Contract promises payment for claims regarding for "Covered Causes of Loss" regarding the House.

J000961270701252523

More particularly, Notably, on Form CG 00 01 04 13, Section V. – Definitions ¶ 17 provides that "Property Damage" means "Physical injury to tangible property, including all resulting loss of use of that property." Further, on Form CP 00 10 10 12, Section A.3., which is titled Covered Causes of Loss, states "See applicable Causes Of Loss form as shown in the Declarations." In turn, the Common Policy Declarations states "See Schedule of Forms and Endorsements."

In turn, form CP 10 10 10 12, titled "Causes of Loss" states in Section A that is titled "Covered Causes of Loss" that certain "Covered Causes of Loss" means the following listed items "[w]hen Basic is shown in the Declarations." Section A.4. states that windstorm or hail are covered causes of losses, while excluded causes of loss include frost, cold weather, ice, snow and sleet.

In addition, on form UTS-230g-TX (9-94), Nationwide promises that it:

will, on or before the thirtieth (30th) day after receipt of notice of a claim:

> 1. Acknowledge receipt of the claim;
> 2. Commence any investigation of the claim; and
> 3. Request from the claimant all items, statements and forms.

The Company shall notify a claimant in writing of the acceptance or rejection of the claim no later than the fifteenth (15th) business day after the date the Company receives all items, statements and forms required by the Company in order to secure final proof of loss. If loss results from arson, the Company shall notify the claimant within thirty (30) days. If the Company is unable to accept or reject the claim within the time periods specified, the Company must notify the claimant and provide reasons why additional time is needed."

**B.    The Claim.**

In the spring of 2021, water began penetrating the House, and it appeared the water was entering the House from or near its roof. H5R immediately notified Nationwide through its online portal and made a claim. Nationwide sent an independent adjuster, Mr. Watkins to the House. Following the inspection by Mr. Watkins, H5R called Nationwide asking about the status of the claim because Nationwide failed to respond to the claim following the inspection. H5R also texted with Mr. Watkins on April 20, 2021 to ask Mr. Watkins about the status of the claim. See Exh. 1, Texts p. 1. Mr. Watkins stated that he was forwarding the information about the claim to Nationwide. See Exh. 1, Texts p. 1.

On April 27, 2021, H5R texted Mr. Watkins again and asked for the status of the claim. See Exh. 1, Texts p. 2. Mr. Watkins confirmed that he was the adjuster and stated that H5R would be contacted by someone else – a different adjuster – in 5 business days or less. See Exh. 1, Texts p. 2.

On May 2, H5R texted Mr. Watkins again and asked for the status of the claim. See Exh. 1, Texts p. 3. Based upon Nationwide's documents, it appears a Mr. Gregory Horne was "assigned" by Nationwide on May 4, 2021. See Exh. 2, June 17, 2022 Letter p. 6. Mr. Horne inspected the House on May 21, 2021. See Exh. 2, June 17, 2022 Letter pp. 5, 6.

Finally, on June 15, 2021 Mr. Watkins began scheduling another appointment to inspect the interior of the House. See Exh. 1, Texts p. 4. After the necessary permission from the tenant was obtained following the tenant's illness, Mr. Horne again inspected the House on July 29, 2021. See Exh. 1, Texts pp. 5-8; Exh. 2, June 17, 2022 Letter p. 6.

---

J00096127009012523

H5R and its attorney continued to ask Nationwide for the status of the claim during the remainder of 2021 and then in 2022. Finally, on June 17, 2022, which is more than a year after the claim was made to Nationwide by H5R, Nationwide sent a letter stating the claim was denied. Exh. 2, June 17, 2022 Letter. Nationwide attached some expense and time records to the letter, but none of the actual inspection reports and engineering reports that are described. Exh. 2, June 17, 2022 Letter.

Thus, Nationwide failed to pay the claim.

Second, Nationwide failed to, on or before the thirtieth (30th) day after receipt of notice of a claim:

1. Acknowledge receipt of the claim;

2. Commence any investigation of the claim; and

3. Request from the claimant all items, statements and forms.

Next, Defendant failed to notify H5R in writing of the acceptance or rejection of the claim no later than the fifteenth (15th) business day after the date Defendant received all items, statements and forms required by the Company in order to secure final proof of loss. Additionally, if Nationwide asserts that it was unable to accept or reject the claim within the time periods specified, Nationwide failed to notify H5R and provide reasons why additional time is needed.

## V. **BREACH OF CONTRACT**

Plaintiff incorporates sections I through IV as if set forth herein. In summary, Nationwide failed to perform its contractual obligations described in the insurance contract.

J00096127010012523

There was a contract between H5R and Defendant, H5R performed under the contract, Defendant materially defaulted by failing to perform its contractual promises, and Defendant's actions caused injury to H5R.

First, Nationwide failed to pay the claim.

Second Nationwide failed to, on or before the thirtieth (30th) day after receipt of notice of a claim:

1. Acknowledge receipt of the claim;

2. Commence any investigation of the claim; and

3. Request from the claimant all items, statements and forms.

Next, Defendant failed to notify H5R in writing of the acceptance or rejection of the claim no later than the fifteenth (15th) business day after the date Defendant received all items, statements and forms required by the Company in order to secure final proof of loss. Additionally, if Nationwide asserts that it was unable to accept or reject the claim within the time periods specified, Nationwide failed to notify H5R and provide reasons why additional time is needed.

## VI. BAD FAITH

Plaintiff incorporates sections I through IV as if set forth herein. Defendant is liable for its bad faith, *i.e.*, breach of the duty of good faith and fair dealing. There was an insurance contract between H5R and Defendant which created a duty of good-faith and fair dealing, Defendant breached this duty when it denied or delayed payment when liability was reasonably clear, and Defendant's breach proximately caused H5R's injuries.

In the alternative, H5R would show that Defendant's actions are bad faith based upon extreme conduct independent of the policy claim. *See JAW the Pointe, LLC v. Lexington Ins.*, 460 S.W.3d 597, 602 (Tex. 2001); *Progressive Cty. Mut. Ins. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005).

## VII. <u>LATE PAYMENT OF INSURACE CLAIM</u>

Plaintiff incorporates sections I through IV as if set forth herein. H5R had a claim as an insured under an insurance policy, H5R gave proper notice of its claim to Defendant, Defendant is liable for the claim, and Defendant failed to acknowledge, investigate or request information about the claim, failed to accept, reject or extend the deadline for deciding the claim, or pay the claim.

## VIII. <u>DECEPTIVE INSURANCE PRACTICES</u>

Plaintiff incorporates sections I through IV as if set forth herein. H5R is an insured, Defendant is an insurance company, Defendant engaged in an act or practice that violated Texas Insurance Code chapter 541, subchapter R, Texas Business and Commerce Code section 17.48(b) and H5R relied upon the actor practice to the detriment of H5R, or a tie-in provision of the Texas Insurance Code, and Defendant's act or practice was a producing cause of actual damages.

In the alternative, H5R would show that Defendant's acts caused an independent injury in addition to the loss of policy benefits, including costs and damages caused by Defendant's delay and unreasonable investigation practice.

## IX.  **CONDITIONS PRECEDENT**

Plaintiff incorporates Sections I through VIII above as if stated herein.  All conditions precedent have been performed or have occurred as required by rule 54 of the Texas Rules of Civil Procedure and Section 541.154 of the Texas insurance Code.

## X.  **ACTUAL DAMAGES AND STATUTORY DAMAGES**

Plaintiff incorporates Sections I through VIII above as if stated herein.  Plaintiff seeks recovery of actual and statutory damages, including but not limited policy benefits, increased business costs, statutory damages under chapter 541 of the Texas Insurance Code, additional damages under Section 541.152 of the Texas Insurance Code because Defendant acted knowingly,

## XI.  **ADDITIONAL DAMAGES AND PUNITIVE DAMAGES**

Plaintiff incorporates Sections I through VIII above as if stated herein. H5R seeks additional and punitive damages as authorized under Texas law.

Punitive damages are sought based upon Defendant's fraud, malice and gross negligence.

## XII.  **ATTORNEYS' FEES**

H5R requests an award of H5R's attorneys' fees as authorized by Texas law, including but limited to chapter 38 of the Texas Civil Practice and Remedies Code, chapters 541, 542 and 542A of the Texas Insurance Code

### XIII. <u>CLAIM FOR RELIEF</u>

H5R seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

WHEREFORE, Plaintiff H5R, LLC respectfully prays that this Petition be received and filed and, upon final trial of this cause, Plaintiff have and recover from and against the Defendants, jointly and severally, all actual damages sustained, pre-judgment and post-judgment interest at the highest rate permitted by law, all costs of court, and such further relief, both at law and in equity, to which Plaintiff may show Plaintiff is justly entitled.

Respectfully submitted,

<u>/s/ Jeffrey R. Sandberg</u>
Jeffery R. Sandberg
Texas State Bar Number 00790051
Palmer Lehman Sandberg, PLLC, f/k/a
Palmer & Manuel, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, Texas 75206
Telephone: (214) 242-6454
Facsimile: (214) 265-1950
Email: jsandberg@pamlaw.com
ATTORNEYS FOR PLAINTIFF
H5R, LLC

1:31

5G



+1 (817) 727-1647

iMessage
Apr 20, 2021, 7:50 PM

Please send over any documents / photos related to your claim so I can forward to nationwide for review

Are you adjuster or Contracters? Because I'm just confused about what exactly going on with Nationwide.

I'm the adjuster who met you , please send over what we discussed today

Unless that wasn't you who I met with at the house on farmers branch lane ?

I'm sorry , when I see your email address I was little bit confused about it but I send your info to the contractor to send it to you the information you need. Sorry for the confusion.

  Pay      

e 1 of 8



**+1 (817) 727-1647**

Apr 27, 2021, 1:51 PM

> Hello,
>
> What's the status of the claim for 2665 Farmers Branch, TX, 75234

You should be contacted by your adjuster within 5-10 business days from our inspection to review , as of today it's been 5 business days

> I thought you're the adjuster?

I am and I have turned your report over to nationwide , once they have reviewed the inside adjuster will call you

> what do that mean to nationwide?

Your insurance company

> You told me you're the adjuster from nationwide.

I am the independent adjuster for nationwide , correct

Sun, May 2, 1:53 PM

      

1:33



+1 (817) 727-1647

Sun, May 2, 1:53 PM

Hello,

I am sending you this text to remind you of the current status of my rental property and the importance of making the repairs needed to conduct leave here. Since you inspected the property it had been rain several times and even this weekends. I didn't hear anything from you or the insurance company.

Since the winter storm damage the tenant basically had to close down 2/3rds of the leaving space as the leaving spaces are not usable nor are they safe for Tenent.
I have lost the income due to the lack of repairs and their vision of the property future.

Tenant have complained that the smells are unbearable and conditions are prompting health issues.

I cannot help but to think the conditions have cost me contributed to a loss in an income.
Every time we get a rain storm we

     



+1 (817) 727-1647

they safe for Tenent.
I have lost the income due to the lack of repairs and their vision of the property future.

Tenant have complained that the smells are unbearable and conditions are prompting health issues.

I cannot help but to think the conditions have cost me contributed to a loss in an income.
Every time we get a rain storm we spend a number of labor hours paying for clean up and increasing tenant health concerns and possible company liabilities. If I don't hear from you next few days I'll talk to my attorney what need to be done for next steps.

We HAVE to get something done or risk even more loss than we have currently.

Thanks

Delivered

      

1:48



Gregory A

iMessage
Fri, Jun 11, 10:30 AM

here's my email
hail@hailu78@gmail.com

Tue, Jun 15, 12:16 PM

Would 3:00 tomorrow work to look
inside the house on farmers branch
road?

Wed, Jun 16, 7:26 AM

Did you check with the tenant. Will
this afternoon work? We really
need to wrap things up.

Good morning,
Let me check with her and let you
know. Thanks

Wed, Jun 16, 9:24 AM

Just let you know I'm still waiting
on the tenant return my call. As
soon as I hear from the tenant, I will
let you know.
Thanks

Wed, Jun 16, 1:58 PM

     Pay    



Gregory A

Can you rescheduled it for tomorrow?

Thu, Jun 17, 9:37 AM

Good morning,
I have not heard back to you
yesterday. Please let me know
when you're coming back to
inspect the house.  Thanks

Not today. I already had things
planned for today.

Thu, Jun 24, 10:31 AM

Can you check with the tenant and
see if Monday afternoon around
230 would work.

Thu, Jun 24, 12:22 PM

I'll check with her and let you know

Mon, Jul 12, 10:53 AM

Can you check with tenant and see
if tomorrow afternoon around 2:00
will work for her.

She not available this week except

      

   Pay 

1:49



Gregory A

She not available this week except Frida. Can we reschedule for Friday at noon?

Yes, I can do Friday at 12.

I'll confirm with the tenant. Thanks.

Fri, Jul 16, 7:30 AM

Still on for today at 12?

Fri, Jul 16, 11:31 AM

Hear anything?

Not yet

I guess let's postpone for today. Right now next week is pretty open. Talk with the tenant and I will try make it work for next week.

Thanks

Fri, Jul 23, 12:42 PM

I didn't hear from you this week. Are you not able to get a hold of











Gregory A ?

I guess let's postpone for today. Right now next week is pretty open. Talk with the tenant and I will try make it work for next week.

Thanks

Fri, Jul 23, 12:42 PM

I didn't hear from you this week. Are you not able to get a hold of the tenant?

She has been sick the whole week. For sure next week she'll be available.

Wed, Jul 28, 12:35 PM

Hello there, do you have time for tomorrow at 10:00 am?

Wed, Jul 28, 2:23 PM

Yes, I can make it work.

Wed, Jul 28, 9:04 PM

K. Thanks

Delivered



**Nationwide®**
is on your side



P.O. Box 4110
Scottsdale, AZ 85261-4110

June 17, 2022

Hailyesus Hilu
H5R LLC
11601 Plano Rd., Suite 106
Dallas, TX 75243

RE:    Claim No.:            02022792
       Insured:             H5R LLC
       Underwriting Co.:    Scottsdale Insurance Company
       Policy No.:          CPS7285116
       Date of Loss:        February 15, 2021
       Loss Location:       2665 Farmers Branch Lane; Dallas, Texas 75234
       Type of Loss:        Winter Storm Damage

Dear Mr. Hilu

We are writing in regard to the claim for damage as referenced above.

We requested an independent adjuster to inspect the damages to the loss location that were reportedly caused by the weight of snow and ice and a plumbing leak. The adjuster identified no damage to the dwelling caused by weight of ice and snow. The adjuster found impacts on the roof tiles that may have been caused by a tree branch. The adjuster found one stain in the kitchen that may have been caused by a plumbing discharge. The adjuster also noted cracks in the walls throughout the dwelling.

An engineer was requested to further evaluate the dwelling. Enclosed is a copy of the engineer report. The engineer found no damage to the dwelling from weight of ice and snow or plumbing discharge. The engineer advised the cracks in the interior and exterior walls and interior ceilings were the result of foundation settlement.

The causes of the damage that were reported and the damages to the walls that were identified by the engineer are not covered causes of loss under the policy.

Please refer to the policy, form CP 00 10 (10-12) BUILDING AND PERSONAL PROPERTY COVERAGE FORM, which states as follows:

A.      **Coverage**

        **We will pay for direct physical loss of or damage to Covered
        Property at the premises described in the Declarations caused
        by or resulting from any Covered Cause of Loss.**

**Exh. 2   Page 1 of 6**

J0009812702301252523

H5R LLC
June 17, 2022
Page 2

We now call your attention to the Causes of Loss Form, Form No. CP 10 10 (10-12) - CAUSES OF LOSS – BASIC FORM, which states:

**A.    Covered Causes Of Loss**

When Basic is shown in the Declarations, Covered Causes of Loss means the following:

**1.**    Fire.

**2.**    Lightning.

**3.**    Explosion, including the explosion of gases or fuel within the furnace of any fired vessel or within the flues or passages through which the gases of combustion pass. This cause of loss does not include loss or damage by:

**4.**    Windstorm or Hail, but not including:

**5.**    Smoke causing sudden and accidental loss or damage. This cause of loss does not include smoke from agricultural smudging or industrial operations.

**6.**    Aircraft or Vehicles, meaning only physical contact of an aircraft, a spacecraft, a self-propelled missile, a vehicle or an object thrown up by a vehicle with the described property or with the building or structure containing the described property. This cause of loss includes loss or damage by objects falling from aircraft.

**7.**    Riot or Civil Commotion, including:

**8.**    Vandalism, meaning willful and malicious damage to, or destruction of, the described property.

**9.**    Sprinkler Leakage, meaning leakage or discharge of any substance from an Automatic Sprinkler System, including collapse of a tank that is part of the system.

**10.**    Sinkhole Collapse, meaning loss or damage caused by the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite. This cause of loss does not include:

**Exh. 2    Page 2 of 6**

H5R LLC
June 17, 2022
Page 3

11.    Volcanic Action, meaning direct loss or damage resulting from the eruption of a volcano when the loss or damage is caused by:

**B.   Exclusions**

2.    We will not pay for loss or damage caused by or resulting from:

b.    Rupture or bursting of water pipes (other than Automatic Sprinkler Systems) unless caused by a Covered Cause of Loss.

c.    Leakage or discharge of water or steam from any part of a system or appliance containing water or steam (other than an Automatic Sprinkler System), unless the leakage or discharge occurs because the system or appliance was damaged by a Covered Cause of Loss. But we will not pay for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

The policy provides coverage for direct physical loss of or damage caused by the covered causes of loss listed in the policy. No damage caused by any covered cause of loss during the winter storm was observed or reported. The weight of ice and snow or plumbing discharge are not covered causes of loss under this policy. Damage caused by rupture and bursting of pipes and discharge from any system containing water is also excluded from coverage should those causes have been factors in causing any damage, which the engineer concluded was not the case. The policy only provides coverage for interior damage from rain or snow when the roof or walls are first damaged by wind or hail and the rain or snow enters through that damage, which was not present. Foundation settlement and cracking are not covered causes of loss.

Because the causes of the damage to the exterior and interior walls are not covered causes of loss, no payment can be made.

During the engineer inspection impacts to the roof from hail were observed. Any hail damage would be a separate occurrence from the claim reported for Winter Storm Damage, and would require a separate claim be filed in order for coverage to be evaluated. The engineer report contains weather records that suggest the hail that impacted the roof may have occurred before the December 18, 2018 policy effective date.

Scottsdale Insurance Company reserves the right to review any additional claims or amendments to this claim and to make a separate determination as to whether a new claim or amendment to this claim is covered by the policy. Any decision we make regarding coverage is based on the facts as presented to

**Exh. 2   Page 3 of 6**

H5R LLC
June 17, 2022
Page 4

us prior to our coverage determination and should not be construed as applicable to a new claim or an amendment to this claim.  Our right to have notice of either situation is reserved, as are the notice conditions of the policy.

The state of Texas requires we advise of the following: Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

If you believe there is additional information that should be considered or some other reason the policy should provide coverage, please provide that information in writing as soon as possible upon receipt of this letter.

Sincerely,

John Sayre
Claims Analyst
Proud Nationwide Member
E&S Specialty Claims
W 480-365-2857 F 480-483-6752
Sayrej3@nationwide.com

Nationwide E&S/Specialty

Scottsdale Insurance Company
P.O. Box 4110
Scottsdale, AZ 85261-4110
1-800-423-7675

cc: Agent 42020

    CC: EFI Global Engineer Report

**Exh. 2    Page 4 of 6**

J00098127020260125523

| Project | 030.05746 | H5R LLC 2665 Farmers Branch Ln Dallas TX | Invoice | 400000120824 |
|---|---|---|---|---|
| **Reimbursable Expenses** | | | | |
| Auto Mileage CB | | | | |
| 5/21/2021 | Horne, Gregory | Travel (76 miles at $0.56) | 42.56 | |
| 6/11/2021 | Horne, Gregory | Travel (38 miles at $0.56) | 21.28 | |
| 7/29/2021 | Horne, Gregory | Travel (76 miles at $0.56) | 42.56 | |
| Reports-Weather | | | | |
| 8/10/2021 | Horne, Gregory | Hail report | 48.98 | |
| **Total Reimbursables** | | | 155.38 | 155.38 |
| | | Total this Phase | | $4,955.38 |
| **Taxes** | | | | |
| Texas (8.25%) USA | | 8.25 % of 4,800.00 | 396.00 | |
| **Total Taxes** | | | 396.00 | 396.00 |
| | | Total this Invoice | | $5,351.38 |

J0009812702701252J



| | Remit by Mail: | Remit by Wire or ACH transfer: | INVOICE |
|---|---|---|---|
| | EFI Global, Inc. | Beneficiary Bank: Fifth Third Bank | |
| | 2877 Momentum Place | WIRE ABA: 042000314, SWIFT FTBCUS3CXXX | |
| | Chicago, IL 60689-5328 | ACH ABA: 071923999 | |
| | | Account Name: EFI Global Inc. | |
| | IRS-34-2028648 | Account Number: 9992305728 | |
| | | Reference: Reference Invoice Number Below | |

John Sayre
Nationwide Insurance Company
P.O. Box 4120
Scottsdale, AZ 85261

August 11, 2021
Project No: 030.05746
Invoice No: 400000120924

EFI Project Manager: Gregory Horne
Branch Phone Number: 972-484-6020
Date of Assignment: 5/4/2021 12:00.00 AM
Contract/WO/PO #:
Date of Loss: 02/15/2021

Claim Number: 02022792
Policy Number:
Insured Name: H5R LLC

| Project | 030.05746 | H5R LLC, 2665 Farmers Branch Ln. Dallas, TX 75234 |
|---|---|---|

Phase      01EG030      Structrual Assessment
**EFI Personnel**

| | | Hours | Rate | Amount |
|---|---|---|---|---|
| Project Coordinator | | | | |
| Snyder, Jennifer | 8/11/2021 | 1.00 | 80.00 | 80.00 |
| Report Preparation Assistance | | | | |
| Senior Engineer | | | | |
| Hillner, Daniel | 8/11/2021 | 1.00 | 250.00 | 250.00 |
| Report Review | | | | |
| Horne, Gregory | 5/21/2021 | 1.50 | 250.00 | 375.00 |
| Site inspection | | | | |
| Horne, Gregory | 5/21/2021 | 2.00 | 250.00 | 500.00 |
| Travel to and from site (McKinney 75071 to Dallas 75234) | | | | |
| Horne, Gregory | 6/11/2021 | 1.00 | 250.00 | 250.00 |
| Travel to site to inspect inside however insured was not able to get a hold of the tenant. | | | | |
| Horne, Gregory | 7/29/2021 | 2.00 | 250.00 | 500.00 |
| Site inspection | | | | |
| Horne, Gregory | 7/29/2021 | 2.00 | 250.00 | 500.00 |
| Travel to and from site (McKinney 75071 to Dallas 75234) | | | | |
| Horne, Gregory | 8/9/2021 | 4.00 | 250.00 | 1,000.00 |
| Report writing | | | | |
| Horne, Gregory | 8/10/2021 | 4.00 | 250.00 | 1,000.00 |
| Finalize report | | | | |
| Drafter | | | | |
| Dillon, Andrew | 8/10/2021 | 3.00 | 115.00 | 345.00 |
| Drafting, CAD Schematics | | | | |
| Totals | | 21.50 | | 4,800.00 |
| **Total Labor** | | | | 4,800.00 |

**Exh. 2    Page 6 of 6**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this
document via email generated by the efiling system on the date and to the persons listed below.
The rules governing certificates of service have not changed. Filers must still provide a certificate
of service that complies with all applicable rules.

Maria Islas on behalf of JEFFREY SANDBERG
Bar No. 00790051
mislas@pamlaw.com
Envelope ID: 67076356
Status as of 8/12/2022 10:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| JEFFREY RSANDBERG | | jsandberg@pamlaw.com | 8/8/2022 4:59:27 PM | SENT |
| Maria Islas | | mislas@pamlaw.com | 8/8/2022 4:59:27 PM | SENT |
| Lori Fitzgerald | | lfitzgerald@pamlaw.com | 8/8/2022 4:59:27 PM | SENT |

CERTIFIED MAIL™

01/17/2025
U.S. POSTAGE $003.40°

ZIP 78701
0-41M12.

130.405

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR PRIVATE USE