IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H5R, LLC, | § | |
| _Plaintiff,_ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-cv-01197-K |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| a/k/a NATIONWIDE INSURANCE | § | |
| _Defendant._ | § | |

**<u>DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ORIGINAL
ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED PETITION</u>**

Defendant Scottsdale Insurance Company ("Scottsdale" or "Defendant") files this Original Answer and Defenses to Plaintiff's Amended Petition, and would respectfully show as follows:

**DEFENDANT SCOTTSDALE INSURANCE COMPANY'S ORIGINAL ANSWER TO
PLAINTIFF'S AMENDED PETITION**

Scottsdale makes the following admissions and denials to Plaintiff H5R, LLC's ("Plaintiff") claims as asserted in its Amended Petition (Doc. No. 1-2) as authorized by Federal Rule of Civil Procedure 8(b):

**I.    <u>LEVEL 2 – RULE 190.3 DISCOVERY CONTROL PLAN</u>**

1.    The sole unnumbered Paragraph under Section I – Level 2 – Rule 190.3 Discovery Control Plan of Plaintiff's Amended Petition addresses the discovery control plan level in Texas state court and does not require a response from Scottsdale. Scottsdale admits discovery should be conducted pursuant to the Federal Rules of Civil Procedure and this Court's scheduling order.



**DEFENDANT'S
EXHIBIT A**

## II.    PARTIES

2.      Upon information and belief, Scottsdale admits that Plaintiff is a limited liability company whose residence is Dallas County, Texas.

3.      Scottsdale admits that it is a corporation organized under the laws of Ohio and maintaining a principal place of business in Arizona. Scottsdale admits it has been served and has appeared in and answered this lawsuit. Scottsdale denies the remaining allegations set forth in the second unnumbered Paragraph under Section II – Parties of Plaintiff's Amended Petition.

## III.    VENUE AND JURISDICTION

4.      The first unnumbered Paragraph under Section III – Venue and Jurisdiction of Plaintiff's Amended Petition addresses jurisdiction in Texas state court and does not require a response from Scottsdale. To the extent a response is required, Scottsdale admits that jurisdiction is proper in the United States District Court for the Northern District of Texas, Dallas Division.

5.      The second unnumbered Paragraph under Section III – Venue and Jurisdiction of Plaintiff's Amended Petition addresses venue in Texas state court and does not require a response from Scottsdale. To the extent a response is required, Scottsdale admits that venue is proper in the United States District Court for the Northern District of Texas, Dallas Division.

## IV.    FACTUAL BACKGROUND

6.      Scottsdale admits that Plaintiff owns the insured premises located as 2665 Farmers Branch Lane, Dallas, Texas 75234 (the "Property"). Answering further, upon information and belief, Scottsdale admits that the Property is a single-family residence.

### A.  The Contract.

7.      Scottsdale admits it issued policy number CPS7285116 to Plaintiff, which insured the Property for the policy period of December 18, 2020 to December 18, 2021 (the "Policy").

Answering further, Scottsdale admits that the Policy provides coverage for damage to the Property as set forth by the terms, limitations and exclusions of the Policy. Scottsdale denies the remaining allegations set forth in the first unnumbered Paragraph under Section IV – Factual Background, Subsection A – The Contract of Plaintiff's Amended Petition.

8.      Scottsdale admits that the Policy provides coverage for damage to the Property as set forth by the terms, limitations and exclusions of the Policy.

9.      Scottsdale admits that the Policy provides coverage for damage to the Property as set forth by the terms, limitations and exclusions of the Policy.

10.     Scottsdale admits that the Policy provides coverage for damage to the Property as set forth by the terms, limitations and exclusions of the Policy.

**B. The Claim.**

11.     Scottsdale admits that on April 9, 2021, Plaintiff's representative reported an insurance claim for alleged freeze and storm damage to the Property which Plaintiff claimed occurred on February 15, 2021 to which Scottsdale assigned claim number 02022792 (the "Claim"). Scottsdale admits that it retained independent adjuster Ryan Watkins ("Watkins") with Allcat Claims Service to inspect the Property. Scottsdale admits that Watkins inspected the Property on April 20, 2021. Scottsdale denies the remaining allegations set forth in the first unnumbered Paragraph under Section IV – Factual Background, Subsection B – The Claim of Plaintiff's Amended Petition.

12.     Scottsdale denies the allegations set forth in second unnumbered Paragraph under Section IV – Factual Background, Subsection B – The Claim of Plaintiff's Amended Petition.

13.     Scottsdale admits that it retained engineer Gregory Horne ("Horne) with EFI Global to inspect the Property. Horne inspected the roof and exterior of the Property on May 21,

2021. Scottsdale denies the remaining allegations set forth in the third unnumbered Paragraph under Section IV – Factual Background, Subsection B – The Claim of Plaintiff's Amended Petition.

14.     Scottsdale denies the allegations set forth in the fourth unnumbered Paragraph under Section IV – Factual Background, Subsection B – The Claim of Plaintiff's Amended Petition.

15.     Scottsdale admits that Horne inspected the interior of the Property on July 29, 2021. Scottsdale denies the remaining allegations set forth in the fifth unnumbered Paragraph under Section IV – Factual Background, Subsection B – The Claim of Plaintiff's Amended Petition.

16.     Scottsdale admits that it sent Plaintiff's counsel a coverage decision letter dated March 27, 2022 which provided that the was being denied pursuant to the terms, limits, and exclusions of the Policy. Scottsdale denies the remaining allegations set forth in the sixth unnumbered Paragraph under Section IV – Factual Background, Subsection B – The Claim of Plaintiff's Amended Petition.

17.     Scottsdale denies the allegation set forth in the seventh unnumbered Paragraph under Section IV – Factual Background, Subsection B – The Claim of Plaintiff's Amended Petition.

18.     Scottsdale denies the allegations set forth in the eighth unnumbered Paragraph under Section IV – Factual Background, Subsection B – The Claim of Plaintiff's Amended Petition.

19.     Scottsdale denies the allegations set forth in the nineth unnumbered Paragraph under Section IV – Factual Background, Subsection B – The Claim of Plaintiff's Amended Petition.

## V.     BREACH OF CONTRACT

20.     Scottsdale admits that the Policy was a binding insurance contract between Scottsdale and Plaintiff. The first unnumbered Paragraph under Section V – Breach of Contract of Plaintiff's Amended Petition contains a reference to the foregoing Sections and does not require a response from Scottsdale. Answering further, the first unnumbered Paragraph under Section V – Breach of Contract of Plaintiff's Amended Petition states several legal conclusions and does not require a response from Scottsdale. Scottsdale otherwise denies the allegations set forth in the first unnumbered Paragraph under Section V – Breach of Contract of Plaintiff's Amended Petition.

21.     Scottsdale denies the allegation set forth in the second unnumbered Paragraph under Section V – Breach of Contract of Plaintiff's Amended Petition.

22.     Scottsdale denies the allegations set forth in the third unnumbered Paragraph under Section V – Breach of Contract of Plaintiff's Amended Petition.

23.     Scottsdale denies the allegation set forth in the fourth unnumbered Paragraph under Section V – Breach of Contract of Plaintiff's Amended Petition.

## VI.     BAD FAITH

24.     Scottsdale admits that the Policy was a binding insurance contract between Scottsdale and Plaintiff. The first unnumbered Paragraph under Section VI – Bad Faith of Plaintiff's Amended Petition contains a reference to the foregoing Sections and does not require a response from Scottsdale. Answering further, the first unnumbered Paragraph under Section VI

– Bad Faith of Plaintiff's Amended Petition states several legal conclusions and does not require a response from Scottsdale. Scottsdale otherwise denies the allegations set forth in the first unnumbered Paragraph under Section VI – Bad Faith of Plaintiff's Amended Petition.

25.    The second unnumbered Paragraph under Section VI – Bad Faith of Plaintiff's Amended Petition states a legal conclusion and does not require a response from Scottsdale. Scottsdale otherwise denies the allegation set forth in the second unnumbered Paragraph under Section VI – Bad Faith of Plaintiff's Amended Petition.

## VII.    LATE PAYMENT OF INSURANCE CLAIM

26.    The sole unnumbered Paragraph under Section VII – Late Payment of Insurance Claim of Plaintiff's Amended Petition contains a reference to the foregoing Sections and does not require a response from Scottsdale. Answering further, the sole unnumbered Paragraph under Section VII – Late Payment of Insurance Claim of Plaintiff's Amended Petition states several legal conclusions and does not require a response from Scottsdale. Scottsdale otherwise denies the allegations set forth in the sole unnumbered Paragraph under Section VII – Late Payment of Insurance Claim of Plaintiff's Amended Petition.

## VIII.    DECEPTIVE INSURANCE PRACTICES

27.    Scottsdale admits that it issued the Policy and that Plaintiff the Property was insured under the Policy pursuant to the terms, limits, and exclusions of the Policy. The first unnumbered Paragraph under Section VIII – Deceptive Insurance Practices of Plaintiff's Amended Petition contains a reference to the foregoing Sections and does not require a response from Scottsdale. Answering further, the first unnumbered Paragraph under Section VIII – Deceptive Insurance Practices of Plaintiff's Amended Petition states several legal conclusions and does not require a response from Scottsdale. Scottsdale otherwise denies the allegations set

forth in the first unnumbered Paragraph under Section VIII – Deceptive Insurance Practices of Plaintiff's Amended Petition.

28.    The second unnumbered Paragraph under Section VIII – Deceptive Insurance Practices of Plaintiff's Amended Petition states several legal conclusions and does not require a response from Scottsdale. Scottsdale otherwise denies the allegations set forth in the second unnumbered Paragraph under Section VIII – Deceptive Insurance Practices of Plaintiff's Amended Petition.

## IX.    CONDITIONS PRECEDENT

29.    The sole unnumbered Paragraph under Section IX – Conditions Precedent of Plaintiff's Amended Petition contains a reference to the foregoing Sections and does not require a response from Scottsdale. Answering further, Scottsdale denies the allegations set forth in the sole unnumbered Paragraph under Section IX – Conditions Precedent of Plaintiff's Amended Petition.

## X.    ACTUAL DAMAGES AND STATUTORY DAMAGES

30.    The first unnumbered Paragraph under Section X – Actual Damages and Statutory Damages of Plaintiff's Amended Petition contains a reference to the foregoing Sections and does not require a response from Scottsdale. Scottsdale denies that Plaintiff is entitled to the relief sought in the first unnumbered Paragraph under Section X – Actual Damages and Statutory Damages of Plaintiff's Amended Petition.

31.    Scottsdale denies the allegations set forth in the first unnumbered Paragraph under Section X – Actual Damages and Statutory Damages of Plaintiff's Amended Petition. Scottsdale further denies that Plaintiff is entitled to the relief sought in the first unnumbered Paragraph under Section X – Actual Damages and Statutory Damages of Plaintiff's Amended Petition.

## XI.    ADDITIONAL DAMAGES AND PUNITIVE DAMAGES

32.    The first unnumbered Paragraph under Section XI – Additional Damages and Punitive Damages of Plaintiff's Amended Petition contains a reference to the foregoing Sections and does not require a response from Scottsdale. Scottsdale denies that Plaintiff is entitled to the relief sought in the first unnumbered Paragraph under Section XI – Additional Damages and Punitive Damages of Plaintiff's Amended Petition.

33.    The second unnumbered Paragraph under Section XI – Additional Damages and Punitive Damages of Plaintiff's Amended Petition states several legal conclusions and does not require a response from Scottsdale. Scottsdale otherwise denies the allegations set forth in the second unnumbered Paragraph under Section XI – Additional Damages and Punitive Damages of Plaintiff's Amended Petition. Answering further, Scottsdale denies that Plaintiff is entitled to the relief sought in the second unnumbered Paragraph under Section XI – Additional Damages and Punitive Damages of Plaintiff's Amended Petition.

## XII.    ATTORNEYS' FEES

34.    Scottsdale denies that Plaintiff is entitled to the relief sought in the sole unnumbered Paragraph under Section XII – Attorneys' Fees of Plaintiff's Amended Petition.

## XIII.    CLAIM FOR RELIEF

35.    The first unnumbered paragraph under Section XIII – Claim for Relief of Plaintiff's Amended Petition is a jurisdictional statement pursuant to Texas Rule of Civil procedure 47 and does not require a response from Scottsdale. To the extent a response is required, Scottsdale denies that Plaintiff is entitled to the relief sought in the first unnumbered Paragraph under Section XIII – Claim for Relief of Plaintiff's Amended Petition.

36.    Scottsdale denies that Plaintiff is entitled to the relief sought in the second unnumbered Paragraph under Section XIII – Claim for Relief of Plaintiff's Amended Petition.

## II.    SCOTTSDALE INSURANCE COMPANY'S DEFENSES

37.    In addition to the foregoing specific denials, Scottsdale asserts, without limitation, the following defenses:

### First Defense
### Policy Provisions

38.    Plaintiff cannot recover, in whole or in part, on its breach of contract claim, and consequently on any of the other causes of action alleged in its Amended Petition, because the Policy contains exclusions and provisions negating coverage, in whole or in part, for the damages alleged by Plaintiff.  Scottsdale's contractual obligations are determined by the terms, conditions, limitations, and exclusions contained in the Policy and Scottsdale relies on such terms, conditions, limitations, and exclusions in defense of the claims asserted against it. Potentially applicable policy provisions include, but are not limited to:

### COMMON POLICY DECLARATIONS

**Policy Number
CPS7285116**

* * *

**ITEM 1**. NAMED INSURED AND MAILING ADDRESS
H5R

311 Oriole Dr
Murphy TX 75094
* * *

**Items 2**. POLICY PERIOD          From: 12/18/2020          To: 12/18/2021

* * *

### SCHEDULE OF LOCATIONS

Policy No.: CPS7285114                              Effective Date: 12/18/2020
                                                   **12:01 A.M. Standard Time**

Named Insured: H5R LLC

| Prem. No. | Bldg. No. | Designated Premises (Address, City, State, Zip Code) | Occupancy |
|---|---|---|---|
| * * * 3 | * * * 1 | * * * 2665 FARMERS BRANCH LN, DALLAS, TX 75234 | * * * DWELLING |

* * *

### THIS ENDORSEMENT CHNAGES THE POLIC. PLEASE READ IT CAREFULLY

### PROMPT PAYMENT OF CLAIMS – TEXAS

The Company will on or before the thirtieth (30th) day after receipt of notice of a claim:

1. Acknowledge receipt of the claim;
2. Commence any investigation of the claim; and
3. Request from the claimant all items, statements and forms.

The Company shall notify claimant in writing of the acceptance or rejections of the claim no later than the fifteenth (15th) business day after the date the Company receives all items, statements and forms required by the Company in order to secure final proof of loss. If loss results from arson, the Company shall notify the claimant within thirty (30) days. If the Company is unable to accept or reject the claim within the time periods specified, the Company may notify the claimant and provide reasons why additional time is needed. However, the Company must accept or reject the claim no later than the forty-fifth (45th) day after the date the Company notifies the claimant.

If the Company notifies a claimant that they will pay a claim or part of a claim, the Company will pay the claim no later than the twentieth (20th) business day after the notice has been made. If payment of the claim or part of the claim is conditioned on the performance of an act by the claimant, the Company will pay the claim no later than the twentieth (20th) business day after the act is performed.

If the Company rejects the claim, the reason for rejection must be stated on the notice.

* * *

### COMMERCIAL PROPERTY COVERAGE PART
### SUUPLEMENTAL DECLARATIONS EXTENSION

| **Item 4**. Coverages Provided: | | | | | |
|---|---|---|---|---|---|
| Prem. No. | Bldg. No. | Coverage | Limit of Insurance | Covered Causes of Loss | Coins. |
| 3 | 1 | Building | $349,000 | Basic | 80% |

* * *

**Special Deductibles**

| **Wind or Hail** |
|---|
| Form: UTS-183g |

> Amount: 2% SUBJECT TO $5,000
> MINIMUM

\* \* \*

## BUILDING AND PERSONAL PROPERTY
## COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **H.** Definitions.

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**

Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.** Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.

**a. Building,** meaning the building or structure described in the Declarations, including:

**(1)** Completed additions;

**(2)** Fixtures, including outdoor fixtures;

\* \* \*

**2. Property Not Covered**

Covered Property does not include:

\* \* \*

**g.** Foundations of buildings, structures, machinery or boilers if their foundations are below:

**(1)** The lowest basement floor; or

**(2)** The surface of the ground, if there is no basement;

\* \* \*

**3. Covered Causes Of Loss**

See applicable Causes Of Loss form as shown in the Declarations.

**4. Additional Coverages**

**a. Debris Removal**

**(1)** Subject to Paragraphs **(2)**, **(3)** and **(4)**, we will pay your expense to remove debris of Covered Property and other debris that is on the described premises, when such debris is caused by or results from a Covered cause of Loss that occurs during the policy period. The expenses will be paid only if they are reported to us in writing within 180 days of the date of direct physical loss or damage.

**(2)** Debris Removal does not apply to costs to:

**(a)** Remove debris of property of yours that is not insured under this policy, or property in your possession that is not Covered Property;

\* \* \*

**(3)** Subject to the exceptions in Paragraph **(4)**, the following provisions apply:

**(a)** The most we will pay for the total of direct physical loss or damage plus debris removal expense is the Limit of Insurance applicable to the Covered Property that has sustained loss or damage.

**(b)** Subject to **(a)** above, the amount we will pay for debris removal expense is limited to 25% of the sum of the deductible plus the amount that we pay for direct physical loss or damage to the Covered Property that has sustained loss or damage. However, if no Covered Property has sustained direct physical loss or damage, the most we will pay for removal of debris of other property (if such removal is covered under this Additional Coverage) is $5,000 at each location.

**e. Increased Cost Of Construction**

**(1)** This Additional Coverage applies only to buildings to which the Replacement Cost Optional Coverage applies.

\* \* \*

**B. Exclusions And Limitations**

See applicable Causes Of Loss form as shown in the Declarations.

**C. Limits Of Insurance**

The most we will pay for loss or damage in any one occurrence is the applicable Limit Of Insurance shown in the Declarations.

\* \* \*

**D. Deductible**

In any one occurrence of loss or damage (hereinafter referred to as loss), we will first reduce the amount of loss if required by the Coinsurance Condition or the Agreed Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will not pay for that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible from the adjusted amount of loss and will pay the resulting amount of the Limit of Insurance, whichever is less.

\* \* \*

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

\* \* \*

**3. Duties In The Event Of Loss Or Damage**

**a.** You must see that the following are done in the event of loss or damage to Covered Property:

\* \* \*

**(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.

**(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.

**(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting

from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

\* \* \*

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

\* \* \*

**(8)** Cooperate with us in the investigation or settlement of the claim.

\* \* \*

**4. Loss Payment**

**a.** In the event of loss or damage covered by this Coverage Form, at our option, we will either:

**(1)** Pay the value of lost or damaged property;

**(2)** Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

**(3)** Take all or any part of the property at an agreed or appraised value; or

**(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below.

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage From or any applicable provision which amends or supersedes the Valuation Condition.

**b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.

**c.** We will give notice of our intentions within 30 days after we receive the sworn proof of loss.

**d.** We will not pay your more than your financial interest in the Covered Property.

\* \* \*

**g.** We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of terms of this Coverage Part, and:

**(1)** We have reached agreement with you on the amount of loss; or

\* \* \*

**6. Vacancy**

\* \* \*

**b. Vacancy Provisions**

If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

**(1)** We will not pay for any loss or damage cause by any of the following, even if they are Covered Causes of Loss:

\* \* \*

**(b)** Sprinkler leakage, unless your have protected the system against freezing;

\* \* \*

**(d)** Water damage;

\* \* \*

**7. Valuation**

We will determine the value of Covered Property in the event of loss or damage as follows:

**a.** At actual cash value as of the time of loss or damage, except as provided in **b., c., d.** and **e.** below.

**b.** If the Limit of Insurance for Building satisfies the Additional Condition, Coinsurance, and the cost to repair or replace the damaged building property is $2,500 or less, we will pay the cost of building repairs or replacement.

The cost or building repairs or replacement does not include the increased cost attributable to enforcement of or compliance with any ordinance or law regulating the construction, use or repair of any property.

However, the following property will be valued at the actual cash value, even when attached to the building:

**(1)** Awnings or floor coverings;

**(2)** Appliances for refrigerating, ventilating, cooking, dishwashing or laundering; or

**(3)** Outdoor equipment or furniture.

\* \* \*

**F. Additional Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**1. Coinsurance**

If a Coinsurance percentage is shown in the Declarations, the following condition applies:

**a.** We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

Instead, we will determine the most we will pay using the following steps:

**(1)** Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

**(2)** Divide the Limit of Insurance of the property by the figure determined in Step **(1)**;

**(3)** Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step **(2)**; and

**(4)** Subtract the deductible from the figure determined in Step **(3)**.

We will pay the amount determined instep **(4)** or the Limit of Insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

\* \* \*

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

\* \* \*

**D. LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:
1. There has been full compliance with all of the terms of this Coverage Part; and
2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

* * *

**H. POLICY PERIOD, COVERAGE TERRITORY**
Under this Coverage Part:
1. We cover loss or damage commencing:
   a. During the policy period shown in the Declarations; and
   b. Within the coverage territory.

* * *

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**LIMITATIONS ON COVERAGE FOR ROOF SURFACING
ACTUAL CASH VALUE – TEXAS**

This endorsement modifies insurance provided under the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

The following applies with respect to loss or damage by a **Covered Cause of Loss** (including wind and hail if covered) to all locations shown in the policy Commercial Property Coverage Part Supplemental Declarations:

Replacement Cost coverage (if otherwise applicable to such property) does not apply to any roof surfacing over fifteen (15) years of age. Instead, we will determine the value of roof surfacing at actual cash value as of the time of loss or damage.

For the purpose of this endorsement, roof surfacing refers to the shingles, tiles, cladding, metal or synthetic sheeting or similar materials covering the roof and includes all materials used in securing the roof surface and all materials applied to or under the roof surface for moisture protection, as well as roof flashing.

* * *

**CAUSES OF LOSS – BASIC FORM**

Words and phrases that appear in quotation marks have special meaning. Refer to Section **E.** Definitions.

**A. Covered Causes Of Loss**
When Basic is shown in the Declarations, Covered Causes of Loss means the following:
1. Fire.
2. Lightening.

**3.** Explosion, including the explosion of gases or fuel within the furnace of any fired vessel or within the flues or passages through which the gases of combustion pass. This cause of loss does not include loss or damage by:

   **a.** Rupture, bursting or operation of pressure-relief devices; or

   **b.** Rupture or bursting due to expansion or swelling of the contents of any building or structure, caused by or resulting from water.

**4.** Windstorm or Hail, but not including:

   **a.** Frost or cold weather;

   **b.** Ice (other than hail), snow or sleet, whether driven by wind or not;

   **c.** Loss or damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters;

**5.** Smoke causing sudden and accidental loss or damage. This cause of loss does not include smoke from agricultural smudging or industrial operations.

**6.** Aircraft or Vehicles, meaning only physical contact of an aircraft, a space craft, a self-propelled missile, a vehicle or an object thrown up by a vehicle with the described property or with the building or structure containing the described property. This cause of loss includes loss or damage by objects falling from aircraft.

   \* \* \*

**7.** Riot or Civil Commotion…

   \* \* \*

**8.** Vandalism, meaning willful malicious damage to, or destruction of, the described property.

   \* \* \*

**9.** Sprinkler Leakage, meaning leakage or discharge of any substance from an Automatic Sprinkler System, including collapse of a tank that is part of the system.

   \* \* \*

**10.** Sinkhole Collapse, meaning loss or damage caused by the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite…

   \* \* \*

**11.** Volcanic Action, meaning direct loss or damage resulting from the eruption of a volcano when the loss or damage is caused by…

   \* \* \*

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

   **a. Ordinance Or Law**

     The enforcement of or compliance with any ordinance or law:

     **(1)** Regulating the construction, use or repair of any property; or

     **(2)** Requiring the tearing down of any property, including the cost of removing its debris.

     This exclusion, Ordinance or Law, applies whether the loss results from:

(a) An ordinance or law that is enforced even if the property has bot been damaged; or

(b) The increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of its debris, following a physical loss to that property.

2. We will not pay for loss or damage caused by or resulting from:

\* \* \*

b. Rupture or bursting of water pipes (other than Automatic Sprinkler Systems) unless caused by a Covered Cause of Loss.

c. Leakage or discharge of water or steam from any part of a system or appliance containing water or steam (other than an Automatic Sprinkler System), unless the leakage or discharge occurs because the system or appliance was damaged by a Covered Cause of Loss. But we will not pay for loss or damage caused by or resulting from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

\* \* \*

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**WIND OR HAIL DEDUCTIBLE**

This endorsement modifies insurance provided under the following:

**BUILDING AND PERSONAL PROPERY COVERAGE FORM**

**Schedule**

| DEDUCTIBLE |
|---|
| Flat Dollar $_____ or |
| Percentage _____%, subject to $_____ minimum deductible |
| Information required to complete this Schedule, if not shown on this endorsement, will be shown in the Declarations. |

With respect to loss or damage caused by or resulting from wind or hail, Item **D. Deductible** is deleted in its entirety and is replaced by the following:

**D. Deductible**

1. In any one occurrence of loss or damage to covered property by wind or hail (hereinafter referred to as loss), we will first reduce the amount of loss required by the Coinsurance Condition or the Agreed Value Optional Coverage. If the adjusted amount of loss is less than or equal to the Deductible, we will no pay for that loss. If the adjusted amount of loss exceeds the Deductible, we will then subtract the Deductible from the adjusted amount of loss, and will pay the resulting amount or the Limit of Insurance, whichever is less.

2. The Wind or Hail Deductible is calculated separately for, and applies separately to:

    **a.** Each building that sustains loss or damage.
    **b.** Personal property at each building, if there is loss or damage to that personal property, subject to **3.b.** below.
    **c.** Personal property in the open.
    **d.** Each separately scheduled item not described in items **a.-c.**

\* \* \*

39.    Scottsdale reserves the right to seek the Court's leave to assert additional policy provisions within a reasonable time after Plaintiff discloses any additional damages or policy provisions that Plaintiff contends to support coverage.

40.    The assertion of any specific provision of the Policy in this Answer is not intended as a waiver or abandonment of other applicable provisions of the Policy. The Policy in its entirety is asserted and incorporated herein by reference.

**Second Defense**
**<u>Failure of Conditions Precedent</u>**

41.    Plaintiff has failed to comply with one or more provisions of the Policy which serve as a condition precedent to recovery.

42.    The Policy expressly states:

**3. Duties In The Event Of Loss Or Damage**
    **a.** You must see that the following are done in the event of loss or damage to Covered Property:

    \* \* \*

    **(2)** Give us prompt notice of the loss or damage. Include a description of the property involved.
    **(3)** As soon as possible, give us a description of how, when and where the loss or damage occurred.
    **(4)** Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

    \* \* \*

    **(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

* * *

**(8)** Cooperate with us in the investigation or settlement of the claim.

43. The Commercial Property Conditions Form of the Policy further states:

Paragraph **H. Suit Against Us** is replaced by the following:

**D. LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

**1.** There has been full compliance with all of the terms of this Coverage Part; and

**2.** The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

44. Accordingly, because Plaintiff has not met all conditions precedent to filing this lawsuit, Plaintiff is contractually precluded from bringing this lawsuit against Scottsdale.

**Third Defense**
**<u>Failure to Mitigate/Contribution</u>**

45. Plaintiff is barred from any recover from Scottsdale, in whole or in part, due to Plaintiff's failure to mitigate the alleged damages and their contribution to their own alleged damages. This includes, but is not limited to, Plaintiff's failure to properly maintain the Property.

**Fourth Defense**
**<u>No Breach of Policy</u>**

**46.** Plaintiff's claim has been properly investigated, adjusted, evaluated, and paid. There has been no breach of the Policy, thereby precluding recovery of damages pursuant to any contractual and extra-contractual theory of liability, including violation(s) of the Texas Insurance Code, Texas Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing.

**Fifth Defense**
**Lack of Coverage Precludes Extra-Contractual Liability**

47.     The existence of coverage for an insurance claim is necessary to establish the basis of claims for violations of the Texas Insurance Code, the Texas Deceptive Trade Practices Act, and the common-law duty of good faith and fair dealing.  Because Plaintiff's allegations are generally based upon Scottsdale's alleged failure to investigate the claim and pay policy benefits, the absence of coverage for the allegedly unpaid amounts of the underlying insurance claim precludes the extra-contractual claims against Scottsdale a matter of law.

**Sixth Defense**
***Bona Fide* Dispute**

48.     Under Texas law, an insured bringing an action against its insurer for an alleged breach of a duty of good faith and fair dealing, whether under the common law or as authorized by statute, must carry the burden of proof to establish that the insurer unreasonably denied or delayed payment of an insurance claim when the insurer's liability had become reasonably clear. At all times material to this lawsuit, Scottsdale's liability was not "reasonably clear."  In other words, nothing more than a *bona fide* coverage dispute exists between the parties, which does not permit Plaintiff to recover extra-contractual damages in this case.

**Seventh Defense**
**Deductible**

49.     To the extent any damage to the covered property is determined by the factfinder to be the result of the weather event forming the basis of the Claim, which is denied, Plaintiff's recovery is subject to the Policy's wind or hail deductible of $6,980.

**Eighth Defense**
**Loss Settlement Provisions**

50.    Scottsdale relies on the loss settlement provisions set forth in the relevant insurance policy limiting loss payments to actual cash value except as set forth in the Policy.

**Ninth Defense**
**Limits of Liability**

51.    Any recovery by Plaintiff is subject to the applicable Policy limits set forth previously. Additionally, Plaintiff may not recover more than their financial interest in the Property.

**Tenth Defense**
**Offset and Credit**

52.    Plaintiff's damages, if any, must be offset by the amount of applicable policy deductible and by any credit for indemnity amounts paid to or on behalf of Plaintiff. Scottsdale will seek any and all available offsets and credits to which Scottsdale is entitled under law. This includes, but is not limited to, the $6,980 wind or hail Policy deductible.

**Eleventh Defense**
**Statutory Limitations for Punitive Damages**

**53.**    With respect to Plaintiff's claims for damages, any award of punitive and/or exemplary damages must be limited to the greater of:  (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code § 41.002–41.009.

**Twelfth Defense**
**Due Process and Equal Protection**

54.    To the extent Plaintiff seeks punitive damages, Scottsdale invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the

states through the Fourteenth Amendment of the United States Constitution. Scottsdale affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

55.    To the extent Plaintiff prays for punitive damages, Scottsdale asserts that such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, the provisions of the Eighth Amendment to the United States Constitution, and the Constitution of the State of Texas, Article I, Sections 13 and 19.

**Thirteenth Defense:**
**Failure to Comply with Notice Requirements of Tex. Ins. Code § 542A.003**

56.    Chapter 542A of the Texas Insurance Code applies to Plaintiff's lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged storm and/or hail damage. Plaintiff failed to give proper notice under Tex. Ins. Code § 542A.003, precluding or limiting any right Plaintiff may have to recover attorney's fees. Specifically, Tex. Ins. Code § 542A.003 requires that Plaintiff provide written notice to Scottsdale not later than the 61st day before the date Plaintiff files an action to which Chapter 542A applies that must include:

(1)    a statement of the acts or omissions giving rise to the claim;

(2)    the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3)    the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

57.    Furthermore, if an attorney or other representative gives the notice required under Chapter 542A, the attorney or representative must:

(1)    provide a copy of the notice to the claimant; and

Page **22** of **26**

(2)    include in the notice a statement that a copy of the notice was provided to the claimant.

58.    Plaintiff failed to provide presuit notice as required by Tex. Ins. Code § 542A.003. Accordingly, pursuant to Tex. Ins. Code § 542A.007(d), the Court may not award Plaintiff any attorney's fees incurred after the date Scottsdale filed its Original Answer, February 3, 2023.

59.    In the alternative, to the extent the demand letter is deemed in compliance with the presuit notice requirements under Chapter 542A, the provisions of § 542A.007(a) and (c) may limit or preclude recovery of attorney's fees based on the excessive amounts demanded by Plaintiff.

### Fourteenth Defense
### Excessive Demand

60.    Scottsdale asserts that Plaintiff is not entitled to attorney's fees as they have asserted an excessive demand.  Plaintiff asserted in its initial disclosures that Plaintiff seeks $899,000 to $1,102,000 for tear down and reconstruction of the Property. The Policy contains a $349,000 limit of insurance. Plaintiff has acted unreasonably and in bad faith by demanding monies to which it is not entitled under the Policy and beyond the limit set forth in the Policy, thereby making the demand unreasonable and, consequently, excessive.

### Fifteenth Defense
### Tolling of Penalties

61.    Plaintiff's live pleading seeks recovery of statutory penalties under Chapter 542 of the Texas Insurance Code. Scottsdale denies liability under this statute; however, if upon final hearing and trial, the fact finder determines that there have been violations of this statute,

Scottsdale urges the Court to determine that all penalties during any delays attributable to Plaintiff or Plaintiff's attorneys should be tolled.

### Sixteenth Defense
### Proportionate Responsibility

62.     Plaintiff's damages, if any, are the result, in whole or in part, of Plaintiff's own fault, acts and/or omissions, negligence, breach of duty, violation of statute, and/or breach of contract or that of his agents, representatives, or employees.  For example, but without limitation, Plaintiff or Plaintiff's authorized agents or representatives failed to properly maintain the Property.

### Seventeenth Defense
### Fortuity Doctrine

63.     Plaintiff's coverage under the Policy is precluded and Plaintiff was, or should have been, aware of an ongoing loss or known loss when the Policy was purchased.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Scottsdale respectfully prays that Plaintiff take nothing, that Scottsdale be awarded its reasonable and necessary attorneys' fees and costs, and for such other and further relief to which Scottsdale may be justly entitled.

*(Signatures on the following page.)*

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ste., Ave. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

and

*/s/ Randall G. Waters (w/permission PMK)*
Randall G. Walters
Texas Bar No. 20819480
randy.walters@wbclawfirm.com
Walters, Balido & Crain
10440 North Central Expwy, Ste. 1500
Dallas, Texas 75231
(214) 749-4805
(214) 347-8381 – Facsimile

**LOCAL COUNSEL FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF this the 9th day of August, 2023 to:

Jeffrey R. Sandberg
Palmer Lehman Sandberg f/k/a
Palmer & Manuel, PLLC
8350 N. Central Expy., Ste. 1111
Dallas, Texas 75206
jsandberg@pamlaw.com

*/s/ Patrick M. Kemp* _____
Patrick M. Kemp