IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H5R, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-1197-K |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY a/k/a NATIONWIDE | § | |
| INSURANCE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Scottsdale Insurance Company's Opposed Motion to Deny Plaintiff's Claim for Attorney's Fees (the "Motion") (Doc. No. 12). Plaintiff H5R, LLC filed a Response (the "Response") (Doc. No. 15) in opposition and Defendant filed a Reply (the "Reply") (Doc. No. 17) in further support of its Motion. The Court has carefully considered the Motion, the Response, the Reply, the attached exhibits, the applicable law, and the relevant portions of the record. Because Plaintiff failed to give the statutorily required presuit notice and Defendant plead and proved it was entitled to this presuit notice in its Original Answer filed in state court, the Court **GRANTS** the Motion and, accordingly, **DENIES** Plaintiff's claim for attorneys' fees from February 3, 2023, onward.

ORDER – PAGE 1

I.      **Factual and Procedural Background**

Plaintiff owns a single-family home (the "Property") in Dallas, Texas, for which Defendant issued an insurance policy covering certain causes of loss.  Doc. No. 1-1 at 8.  In spring of 2021, water allegedly entered the Property through or near the roof.  *Id.* at 9.  Plaintiff "immediately notified" Defendant and filed a claim for this incident.  *Id.*  More than one year after the claim was filed, Defendant sent Plaintiff a letter denying the claim dated June 17, 2022.  *Id.* at 10.  Plaintiff filed suit against Defendant in state court on August 8, 2022, asserting claims for breach of contract, bad faith, late payment, and deceptive insurance practices.  *Id.* at 6, 10-12.  Plaintiff seeks, among other relief, attorneys' fees under Chapters 541, 542, and 542A of the Texas Insurance Code.  *Id.* at 13.  Defendant was served on January 10, 2023, *see id.* at 4, and filed its Original Answer on February 3, 2023, *see generally* Doc. No. 1-3.  In its Original Answer, Defendant asserted, as a defense, that Plaintiff failed to provide the presuit notice sixty days prior to filing suit as required by Chapter 542A of the Texas Insurance Code.  *Id.* at 1-2.  Plaintiff filed an amended petition in state court on May 17, 2023, *see* Doc. No. 1-2, and based on the amended damages allegations, Defendant removed the case to federal court on May 24, 2023, *see generally* Doc. No. 1.  Defendant thereafter filed this Motion.

ORDER – PAGE 2

II.     **Applicable Law**

Chapter 542A of the Texas Insurance Code applies "to a first party claim" an insured makes "under an insurance policy providing coverage for real property" that "arises from damage to or loss of covered property caused, wholly or partly, by forces of nature[.]"  TEX. INS. CODE § 542A.001(2).  Section 542A.003 requires that "not later than the 61st day before the date a claimant files an action to which the chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action."  *Id.* § 542A.003(a).  Further, this written notice must include:

> (1) a statement of the acts or omissions giving rise to the claim;
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

§ 542A.003(b).  Providing an insurer 61 days' presuit notice promotes settlement and allows the insurance company an opportunity to accept liability.  *See Tadeo as Tr. of John E. Milbauer Tr. v. Great N. Ins. Co.*, Civ. Action No. 3:20-CV-0147-G, 2020 WL 4284710, at * 3 (N.D. Tex. July 27, 2020)(Fish, S.J.). A defendant may seek to limit or preclude attorneys' fees where the required presuit notice was not provided.  *See*

*Gilbane Bldg. Co., Inc. v. Swiss Re Corp. Sols. Elite Ins. Co.*, 2023 WL 2021014, at *2 (S.D. Tex. Feb. 15, 2023).

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

*Id.* § 542A.007(d).

### III.   Analysis

Neither party disputes that this is a first party insurance coverage case and has been from the time it was first filed; thus, Chapter 542A applies. Defendant moves to deny Plaintiff's claim for attorneys' fees because Plaintiff failed to provide the required presuit notice. Plaintiff opposes the motion. Plaintiff does not argue that an exception to the presuit notice requirement exists. *See id.* § 542A.003(d). Rather, Plaintiff argues that Defendant received presuit notice more than 60 days before suit was filed and identifies the following as that notice: (1) "the estimated costs listed by Allcat Claims Service (Defendant's vendor)" and (2) a text message Plaintiff sent to Defendant "stating that it was important to get [Plaintiff's] rental property repaired because [Plaintiff] was losing rental income and that the property was suffering additional

damages every timed it rained." Doc. No. 15 at 1. Plaintiff also argues that "no attorneys' fees were incurred by [Plaintiff] until June 27, 2022, so there was no requirement to provide attorneys' fees information with the prior communications." *Id.* at 2. In its Reply, Defendant again generally asserts that Plaintiff failed to provide presuit notice with the required elements. Doc. No. 17 at 3-6. More specifically, Defendant argues that Plaintiff "does not detail how, when or where it alleged the 'specific amount alleged to be owed' on the claim." *Id.* at 3.

The language of § 542A.007(d) clearly provides that, if Defendant pleads and proves that it did not receive "presuit notice stating the specific amount alleged to be owed by" Defendant, the Court may not award any attorneys' fees Plaintiff incurs after Defendant "files the pleading with the court." § 542A.007(d). Plaintiff first points to the report from Allcat Claims Service (the "Allcat Report"), submitted by Plaintiff as Exhibit A-1, as evidence Defendant received presuit notice. The Allcat Report is dated April 20, 2021. Doc. No. 15-2 at 6. Based on Plaintiff's own pleadings, Defendant did not deny Plaintiff's claim until June 17, 2022. Doc. No. 1-1 at 10; Doc. No. 1-2 at 4. Courts in this Circuit have held that estimates submitted prior to an insurer's final denial of coverage cannot operate as presuit notice. *See, e.g., Henry v. Nationwide Prop.*, 2023 WL 6049519, at *2 (S.D. Tex. Sept. 15, 2023); *Gilbane Bldg. Co*, 2023 WL 2021014, at *2; *Tadeo*, 2020 WL 4284710, at *9. This Court concludes the same. The

Allcat Report could not have provided the required presuit notice of Plaintiff's legal claims before those claims even existed. The same holds true for the text message sent by Plaintiff to Defendant on May 2, 2021, which Plaintiff submitted as Exhibit A-2. (The Court assumes solely for purposes of this Motion that the text message was in fact sent by Plaintiff to an agent of Defendant.) This message was sent well before Defendant finally denied Plaintiff's claim on June 17, 2022; thus it could not effectively provide presuit notice as required by § 542A.003. Further, the Allcat Report and the text message also fail because neither states the *specific* amount alleged to be *owed* by Defendant. § 542A.003(b)(2) (emphasis added). Plaintiff does not identify where the Allcat Report includes the specific amount Defendant allegedly owes for the covered damage. *Cf. Gilbane Bldg. Co.*, 2023 WL 2021014, at *2 (estimate which "communicates Plaintiff's total costs instead of the amount allegedly owed" "cannot satisfy" the express language of § 542A.003(b)(2)). The text message does not contain any monetary amount at all. For these reasons, the Court finds Plaintiff failed to provide Defendant with the required presuit notice that states the specific amount Defendant allegedly owes.

    Plaintiff does contend that Defendant's Motion should be denied because it was filed "long after the 30-day window expired". Doc. No. 15 at 4. Plaintiff asserts that Defendant's Motion was as untimely because Defendant's Original Answer, which

includes the "statement" about failing to receive presuit notice, was filed in state court on February 3, 2023, but the Motion was not filed until June 26, 2023, after removal to federal court. *Id.* Plaintiff concedes that Defendant included this defense in its Original Answer. *Id.* The statute requires that, if a defendant intends to plead and prove this presuit notice defense to limit or preclude an award of attorneys' fees to the plaintiff, the defendant must do so "not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending." § 542A.007(d). Courts in the Fifth Circuit interpreting this Texas Insurance Code provision have found that a defendant-insurer which "successfully pled and proved that it was entitled to pre-suit notice in its Original Answer" satisfies § 542A.007(d). *Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F. Supp. 3d 534, 536 (S.D. Tex. 2021); *see, e.g., NewcrestImage Holdings, LLC v. Travelers Lloyds Ins. Co.*, Civ. Action No. 2:23-CV-039-BR, 2023 WL 6849999, at *7 (N.D. Tex. Oct. 17, 2023); *Rahe v. Meridian Security Ins. Co.*, Civ. Action No. 3:21-CV-545-E, 2022 WL 614995, at *1 (Feb. 28, 2022)(Brown, J.). Plaintiff appears to imply that Defendant must assert this defense in another filing, here a motion, which is secondary to its Original Answer and which must be filed within 30 days of the Original Answer, in order to successfully limit Plaintiff's recovery of attorneys' fees. Plaintiff did not cite to, nor did the Court find in its own research, any case in which a court found Chapter 542A requires the

ORDER – PAGE 7

defendant-insurer to do so where the answer successfully pled and proved this defense. Indeed, a court in this District expressly disagreed with Plaintiff's suggestion, concluding that the statute does not include the word "motion", nor does it provide that the defendant's answer cannot satisfy the required "pleading" in § 542A.007(d). *NewcrestImage Holdings*, 2023 WL 6849999, at *7. The Court declines to follow Plaintiff's proposed interpretation.

## IV. Conclusion

The Court agrees with Defendant that it was entitled to receive, but did not, presuit notice from Plaintiff with "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property". *Id.* The Court also finds that Defendant successfully pled and proved this in its Original Answer. *See* Doc. No. 1-3 (Defendant's Original Answer) Because Defendant satisfied § 542A.007(d), the Court **grants** the Motion and **denies** Plaintiff's claim for attorneys' fees incurred after February 3, 2023, the date on which Defendant filed its Original Answer in state court alleging this defense.

**SO ORDERED.**

Signed November 28th, 2023.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE