IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| H5R, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:23-cv-1197-K-BN |
| § | |
| SCOTTSDALE INSURANCE § | |
| COMPANY a/k/a/ NATIONWIDE § | |
| INSURANCE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 55.

Defendant Scottsdale Insurance Company ("Scottsdale Insurance") has filed an Opposed Motion to Strike the Opinions and Testimony of Plaintiff's Retained Testifying Expert Terry Moore. *See* Dkt. No. 42.

Plaintiff H5R, LLC ("H5R"), filed a response, *see* Dkt. No. 50, and Scottsdale Insurance filed a reply, *see* Dkt. No. 51.

For the reasons explained below, the Court grants Defendant Scottsdale Insurance's Opposed Motion to Strike the Opinions and Testimony of Plaintiff's Retained Testifying Expert Terry Moore [Dkt. No. 42].

### Background

Prior orders have documented the background of this case. *See* Dkt. No. 30.

The information is repeated here for reference and is supplemented with information relevant to the issues now presented before the Court.

H5R owns a single-family home (the "Property") in Dallas, Texas, for which Scottsdale Insurance issued an insurance policy covering certain causes of loss. *See* Dkt. No. 1-1 at 8. In February 2021, water allegedly entered the Property through or near the roof. *See id.* at 9. H5R "immediately notified" Scottsdale Insurance and filed a claim for this incident. *Id.* More than one year after the claim was filed, Scottsdale Insurance sent H5R a letter denying the claim dated June 17, 2022. *See id.* at 10.

H5R filed suit against Scottsdale Insurance in state court on August 8, 2022, asserting claims for breach of contract, bad faith, late payment, and deceptive insurance practices. *See id.* at 6, 10-12. After H5R filed a First Amended Petition, *see* Dkt. No. 1-2, Scottsdale Insurance removed the action to this Court, *see* Dkt. No. 1.

The cause, scope, and timing of alleged damage to H5R's Property are central issues to this case. H5R contends the Property was damaged by hail during the insurance policy period – a covered loss event. *See* Dkt. No. 50. But Scottsdale Insurance denies that a hail event during the policy period caused the alleged damage. *See* Dkt. No. 52.

H5R and Scottsdale Insurance designated experts to opine regarding the alleged damage under Federal Rule of Civil Procedure 26(a)(2). *See* Dkt. Nos. 27 & 28. H5R designated Terry Moore, a purported construction expert, and included Mr. Moore's report regarding the extent of damage to the Property and cost of repair. *See* Dkt. No. 27 at 2, 6-7.

H5R's Rule 26(a)(2) expert disclosures described Mr. Moore's designation as follows:

> Mr. Moore has not authored any publications in the last ten years, will not be compensated for his study and testimony, and has not testified as an expert at trial or by deposition within the preceding four years. Mr. Moore is not currently being compensated, but it is anticipated that Mr. Moore will be compensated in the event that Mr. Moore is deposed or appears as a witness at trial.
> Mr. Moore's resume and initial letter report containing his estimate to complete the necessary work are attached and incorporated as if set forth herein.

*Id.* at 2; *see also* Dkt. No. 50 at 3 ("Mr. Moore was designated to provide his opinions regarding the repair costs based upon his observation of the house.").

Scottsdale Insurance deposed Mr. Moore in January 2024. *See* Dkt. No. 44-2. It contends that Mr. Moore "provided several undisclosed opinions in his deposition" about issues that he was not designated to opine on, including the source of alleged damage. *See* Dkt. No. 43 at 6. Specifically, Mr. Moore testified that hail caused the alleged damage, but he confirmed that his report did not contain such opinion. *See* Dkt. No. 44-2 at 21.

And, so, Scottsdale Insurance moves to strike Mr. Moore's opinions and testimony because his designation and report failed to comply with Federal Rule of Civil Procedure 26.

## Legal Standards and Analysis

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. In addition to initial disclosures, a party must disclose to the other parties the identity of any witness that it may use at trial to present expert evidence. *See* Fed.

R. Civ. P. 26(a)(2)(A).

If the witness is one retained or specially employed to provide exert testimony in the case, the report must contain, among other things, "a complete statement of all opinions the witness will express and basis and reasons for them" and "the facts or data considered by the witness in forming them." *See* Fed. R. Civ. P. 26(a)(2)(B).

And Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"In evaluating whether a violation of Rule 26 is harmless, the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889, at *2-*3 (N.D. Tex. Dec. 7, 2023) (cleaned up).

The disclosing party bears the burden of proving the failure to timely disclose was substantially justified or harmless. *See Lopez v. Fun Eats and Drinks, LLC*, No. 3:18-cv-1091-X, 2021 WL 3502361, at *4 (N.D. Tex. July 16, 2021); *accord Coleman v. Chevron Phillips Chem. Co. LP*, No. CV H-23-350, 2024 WL 460248, at *9 (S.D. Tex. Feb. 6, 2024); *Fuller*, 2023 WL 8482889, at *3.

Scottsdale Insurance asserts that Mr. Moore's expert disclosure "omits key information required under Rule 26(a)(2)(B) – specifically 'a complete statement of all opinions the witness will express and the basis and reasons for them' and 'the facts or data considered by the witness in forming them.'" Dkt. No. 43 at 5. And it contends that, in Mr. Moore's deposition, he opined on issues that he was not designated for or provided a report on – particularly those involving causation (i.e., that hail caused the alleged damage to H5R's Property). *See id.* at 5-7.

Mr. Moore testified that the report contained a complete statement of all his opinions and underlying facts or data. *See* Dkt. No. 44-2 at 12. And he confirmed that his report did not contain a causation opinion. *See id.* at 21.

In response, H5R asserts that Mr. Moore was properly designated to provide his opinion regarding the Property's repair costs. *See* Dkt. No. 50 at 3. And it argues that "[t]here is no requirement that Mr. Moore's report provide opinions regarding cause or date of damage, as these topics were not part of his designation," and that, when asked about these issues during the deposition by Defendant's counsel, he "simply answered the questions." *Id.* at 4.

But, in its summary judgment response, *see* Dkt. No. 49, H5R relies on Mr. Moore's deposition testimony regarding the causation issue – more than once – despite conceding that the topic "was not part of his designation," Dkt. No. 50.

H5R states, for example, that "Defendant's assertion that H5R cannot establish the cause of the property damage fails because ... Terry Moore, an uncompensated construction expert designated by H5R, testified the damage was

caused by hail." Dkt. No. 49 at 1; *see also id.* at 5 (stating that "the cause of the damage was ultimately determined by Defendant's expert and H5R's construction expert to be hail").

And, so, H5R's summary judgment response belies its argument that Mr. Moore simply answered Defendant's counsel's questions when he offered opinions about topics not included in his expert designation or report. And, because H5R has failed to comply with Rule 26's disclosure requirements, it is precluded from offering evidence from Mr. Moore unless the failure was substantially justified or harmless.

H5R has not provided a justification for its noncompliance with Rule 26(a)(2), and, so, the Court turns to whether its failure to disclose was harmless by evaluating the factors enumerated above.

The first factor of the harmlessness analysis – how important the evidence is – weighs in favor of exclusion. H5R's argument that Scottsdale Insurance "ignores its own evidence" demonstrating that "the damage was caused by hail," specifically the expert report of G. Horne, PE, and Corelogic hail verification report, indicates that Mr. Moore's testimony is duplicative or of minimal importance. Dkt. No. 50.

The second factor – prejudice to the party opposing the admission of the evidence – also favors exclusion.

"Generally, we find prejudice when a party's case-in-chief is seriously and gravely impacted." *Calsep A/S v. Dabral*, 84 F.4th 304, 314 (5th Cir. 2023) (citing *Bell v. Texaco, Inc.*, 493 Fed. Appx. 587, 593 (5th Cir. 2012) (per curiam) (cleaned up) ("[W]e consider whether the other party's preparation for trial was substantially

prejudiced.")).

H5R initially alleged that the Property damage was caused by a snow and ice event or a broken pipe. *See* Dkt. No. 44-1; Dkt. No. 50 at 5. But H5R relies on Mr. Moore's deposition testimony in its summary judgment response for the proposition that hail caused the damage, *see* Dkt. No. 49, despite conceding that the topic "was not part of his designation" or in his expert report, Dkt. No. 50 at 4.

"Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. The purpose of Rule 26(a)(2) is to provide notice to opposing counsel – before the deposition – as to what the expert witness will testify." *Valenzuela v. City of Haltom City*, No. 4:10-cv-127-Y, 2012 WL 13024705 (N.D. Tex. Jan. 31, 2012) (quoting *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008)).

And, so, the Court finds that Scottsdale Insurance has been prejudiced because H5R failed to provide Scottsdale Insurance's counsel with notice regarding the scope of his expert testimony and "now faces a newly alleged cause of loss and new opinions about the alleged damage deep into the case, with discovery now closed." Dkt. No. 43 at 7.

The third factor – the possibility that a continuance could cure any prejudice – weighs against exclusion because the Court vacated the trial setting and all pretrial deadlines in May 2024. *See* Dkt. No. 55.

And the fourth factor – the explanation for the party's failure to disclose – favors exclusion. H5R asserts that Mr. Moore was not required to provide opinions

regarding causation in his report since he was not designated as an expert on that topic and, when asked about it during the deposition by Scottsdale Insurance's counsel, he "simply answered the questions." *See* Dkt. No. 50 at 4.

But, in its summary judgment response, *see* Dkt. No. 49, H5R attempts to present Mr. Moore as an expert on causation, which is an issue central to the resolution of this case. And, so, the Court is not persuaded by H5R's explanation.

Considering these four factors holistically, the Court concludes that H5R's noncompliance with Rule 26(a)(2) is not harmless and that Mr. Moore's expert testimony should be excluded under Rule 37(c)(1).

## Conclusion

For the reasons explained above, the Court GRANTS Defendant Scottsdale Insurance's Opposed Motion to Strike the Opinions and Testimony of Plaintiff's Retained Testifying Expert Terry Moore [Dkt. No. 42].

SO ORDERED.

DATED: January 10, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE