IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H5R, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1197-K-BN |
| | § | |
| SCOTTSDALE INSURANCE | § | |
| COMPANY a/k/a/ NATIONWIDE | § | |
| INSURANCE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 55.

Defendant Scottsdale Insurance Company a/k/a/ Nationwide Insurance ("Scottsdale Insurance) has filed a Motion for Summary Judgment. *See* Dkt. No. 38.

Plaintiff H5R, LLC ("H5R"), filed a response, *see* Dkt. No. 50, and Scottsdale Insurance filed a reply, *see* Dkt. No. 53.

For the reasons explained below, the Court should grant Scottsdale Insurance's Motion for Summary Judgment in its entirety [Dkt. No. 38].

**Background**

Prior orders have documented the background of this case. *See* Dkt. Nos. 30 & 64. The information is repeated here for reference and is supplemented with information relevant to the issues now presented before the Court.

This case concerns an insurance coverage dispute. H5R owns a single-family home located at 2665 Farmers Branch Lane, Dallas, Texas, 75234 (the "Property"), for which Scottsdale Insurance issued an insurance policy covering certain causes of loss. *See* Dkt. No. 1-1 at 8. In February 2021, water allegedly entered the Property through or near the roof. *See id.* at 9. H5R "immediately notified" Scottsdale Insurance and filed a claim for this incident. *Id.* More than one year after the claim was filed, Scottsdale Insurance sent H5R a letter denying the claim dated June 17, 2022. *See id.* at 10.

H5R's insurance policy with Scottsdale Insurance began on December 18, 2018, and was renewed most recently for the policy period from December 18, 2020 to December 18, 2021 under Policy No. CPS7285116 (the "Policy"). *See* Dkt. Nos. 41-1 at 2 & 41-2 at 9.

The Policy states that "[Scottsdale Insurance] will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." Dkt. No. 41-2 at 71.

And, under "Covered Causes of Loss," the Policy includes:

> 4. Windstorm or Hail, but not including:
>     a. Frost or cold weather;
>     b. Ice (other than hail), snow or sleet, whether driven by wind or not;
>     c. Loss or damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters . . .

*Id.* at 92.

H5R initially alleged that the Property damage was caused by a snow and ice event or a broken pipe, which are not covered causes of loss under the Policy. *See* Dkt. No. 44-1; Dkt. No. 50 at 5. But it now contends the Property was damaged by hail during the insurance policy period – a covered loss event. *See* Dkt. No. 50 at 4.

Scottsdale Insurance denies that a hail event during the policy period caused the alleged damage. *See* Dkt. No. 40 at 14-16.

H5R filed suit against Scottsdale Insurance in state court on August 8, 2022, asserting claims for breach of contract, bad faith, late payment, and deceptive insurance practices. *See id.* at 6, 10-12. After H5R filed a First Amended Petition, *see* Dkt. No. 1-2, Scottsdale Insurance removed the action to this Court on the basis of diversity jurisdiction, *see* Dkt. No. 1.

Scottsdale Insurance then filed its Motion for Summary Judgment [Dkt. No. 38].

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or

defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the

allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

for trial." (internal quotation marks and footnote omitted)).

"[W]hen the moving party has carried its burden under [Federal Rule of Civil Procedure] 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable

jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190,

1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

### Objections to Summary Judgment Evidence

H5R objects to Jonathan Moe's statement in his declaration that Scottsdale Insurance denied the claim on September 21, 2021, on the basis that it is hearsay and an unsupported factual conclusion. *See* Dkt. No. 49 at 2.

But Mr. Moe's statement that the claim was denied by September 9, 2021, *see* Dkt. No. 41-1 at 3, is based on Scottsdale Insurance's activity log, *see* Dkt. No. 41-3. And the activity log is admissible as a business record under Federal Rule of Evidence 803(6). *See* Dkt. No. 41-1 at 1 ("The activity log and claims file materials were kept in the course of regularly conducted business activity of Scottsdale in investigating claims, are routinely made and kept in the course of that business, and it is Scottsdale's usual practice to keep such records.").

And, so, this objection should be overruled.

H5R also objects to Scottsdale Insurance's expert opinion that hail damage to the roof likely occurred in 2011 on the basis that it is an unsupported factual and

legal conclusion. *See* Dkt. No. 49 at 2.

Specifically, Scottsdale Insurance's designated expert Eric Moody stated that "[t]o the extent that any of the noted distress in the corrugated cementitious tile roof was related to hail it is more probable than not that it occurred on May 24th, 2011." Dkt. No. 41-17 at 4. And H5R argues that this statement "ignore[s] summary judgment evidence" – Scottsdale Insurance's Corelogic report – which states that 3/4-inch hail occurred at the Property as recently as May 24, 2019 [sic], and 3/4-inch hail occurred within a mile of the Property as recently as August 16, 2020. *See* Dkt. No. 49 at 2.

Federal Rule of Evidence 702 permits opinion testimony from a witness "qualified as an expert by knowledge, skill, experience, training, or education" if the expert's knowledge will assist the trier of fact and if (1) "the testimony is based on sufficient facts or data;" (2) "the testimony is the product of reliable principles and methods;" and (3) "the expert has reliably applied the principles and methods to the facts of the case." *VeroBlue Farms USA Inc. v. Wulf, No.* 3:19-cv-764-X, 2023 WL 348963, at *6 (N.D. Tex. Jan. 20, 2023) (quoting *Ramos v. Home Depot Inc.*, No. 3:20-cv-1768-X, 2022 WL 615023, at *1 (N.D. Tex. Mar. 1, 2022) (cleaned up)).

Mr. Moody's expert opinion is based on the methodology he outlines in his report. *See* Dkt. No. 41-17 at 3-5. And it is supported by the Corelogic report, which indicated that approximately 1.6-inch hail may have fallen at the Property on May 24, 2011. *See* Dkt. No. 41-7 at 19.

And, so, H5R has not provided grounds for why Mr. Moody's opinion is factually

or legally unsupported and this objection, too, should be overruled.

## Analysis

### I. <u>Subject matter jurisdiction</u>

Diversity jurisdiction under 28 U.S.C. § 1332 is the only basis for federal subject matter jurisdiction that Defendant Scottsdale Insurance invokes in its notice of removal. *See* Dkt. No. 1.

The United States Court of Appeals for the Fifth Circuit recently explained that, in a diversity case under 28 U.S.C. § 1332,

- "[a]t the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each" party;
- "[a]t the summary judgment stage," the party invoking the federal court's jurisdiction "must provide evidence sufficient to support a jury finding of the citizenship of" each party; and,
- "at trial," the party invoking the federal court's jurisdiction "must prove the citizenship of each" party.

*Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) (published order); *accord J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 323 (5th Cir. 2024) (published order); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.* (5th Cir. 2019).

The Fifth Circuit has also long held that district courts can and should do their own fact-finding and final determinations on their subject-matter jurisdiction over a case at any stage, including before summary judgment. *See Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010) ("Judges have the power to resolve certain threshold issues without the participation of a jury before the adjudication of a case on its merits. For example, when subject matter jurisdiction over a case turns on disputed facts, judges

have the power to resolve these disputes in assuring themselves of their courts' jurisdiction."); *Edwards v. Associated Press*, 512 F.2d 258, 262 n.8 (5th Cir. 1975) ("Consideration of affidavits and, where necessary, the taking of testimony are appropriate means for resolving jurisdictional disputes."). And, when district courts determine "the existence of subject matter jurisdiction in fact," the courts do not proceed under the strictures, burdens, or standards that apply to motions under Federal Rules of Procedure 12(b)(6) and 56, such as attaching "presumptive truthfulness … to [a] plaintiff's [or removing defendant's] allegations." *Chatham Condo. Associations v. Century Vill., Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979) (cleaned up). A district court is instead "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case"; "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims"; and the party invoking the federal court's jurisdiction "will have the burden of proof that jurisdiction does in fact exist." *Id.* (cleaned up).

And, so, to comply with this governing law, Scottsdale Insurance must provide evidence sufficient to support a jury finding of the citizenship of each party or for the Court to evaluate and determine on its own the citizenship of each party.

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

A limited liability company's citizenship "is determined by the citizenship of all of its members." *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "To establish diversity jurisdiction in a suit by or against an LLC, a party 'must specifically allege the citizenship of every member of every LLC.'" *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023) (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)). And "the appropriate tests for citizenship involve tracing entities' citizenship down the various organizational layers where necessary." *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 Fed. Appx. 765, 768 (5th Cir. 2015). And, for natural persons, Section 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home. *See SXSW*, 83 F.4th at 407.

Scottsdale Insurance alleges that it is an Ohio corporation with its principal place of business located in Arizona and that Plaintiff H5R's sole member, Haileyesus Hailu, is domiciled in Texas. *See* Dkt. No. 63 at 2-5. And, so, Scottsdale Insurance alleges that it is a citizen of Ohio and Arizona and that H5R is a citizen of Texas.

To support its own citizenship allegations, Scottsdale Insurance provides a declaration from a company representative, which states that Scottsdale Insurance is incorporated in Ohio and that its "principal executive office" is located at 18700 N. Hayden Road, Scottsdale, Arizona, 85255. *See* Dkt. No. 63-8.

To support H5R's citizenship allegations, Scottsdale Insurance provides information from the H5R's Texas Franchise Tax Public Information Report filing,

which shows that Haileyesus Hailu is the only identified member or manager of H5R. *See* Dkt. Nos. 63 at 2 & 63-3. Mr. Hailu testified to the same during his deposition. *See* Dkt. No. 63-1 at 3. And his mailing address (as listed on H5R's Texas Franchise Tax Public Information Report filing) is 311 Oriole Dr., Murphy, Texas, 75094. *See* Dkt. Nos. 63 at 2 & 63-3.

To support Mr. Hailu's domicile, Scottsdale Insurance provides information from the Collin County Appraisal District's online records indicating a homestead exemption on the property located at 311 Oriole Dr., Murphy, Texas, 75094, *see* Dkt. No. 63-4, and a declaration from a claims manager (regarding a separate claim) which stated that "based on [his] investigation of the claim, [he] concluded that Mr. Hailu was a permanent resident at the home," Dkt. No. 63-6.

Based on the evidence provided, the undersigned finds that H5R is a citizen of Texas and Scottsdale Insurance is a citizen of Ohio and Arizona. And, so, the Court should find that Scottsdale Insurance has satisfied its burden of proof regarding the citizenship of the parties in this action.

## II.   <u>H5R's Claims Against Scottsdale Insurance</u>

H5R asserts claims for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and violations of the Texas Insurance Code. *See* Dkt. No. 1-2. The undersigned addresses each in turn.

### A.  Breach of Contract

Under Texas law, to succeed on a breach of contract claim, the plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance

by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *See Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

H5R contends the Property was damaged by hail during the insurance policy period – a covered loss event – and that Scottsdale Insurance's "failure to pay a covered loss is breach of an insurance contract." Dkt. No. 49 at 4-6.

Scottsdale Insurance denies that a hail event during the policy period caused the alleged damage and asserts that it is entitled to summary judgment because H5R "cannot raise a genuine issue of fact as to whether a covered loss occurred to the Property during the Policy Period." Dkt. No. 40 at 14.

"Texas law places the burden of establishing coverage upon the insured, the burden of establishing an exclusion upon the insurer, and the burden of establishing an exception to an exclusion back upon the insured." *Century Sur. Co. v. Hardscape Const. Specialties Inc.*, 578 F.3d 262, 265 (5th Cir. 2009); *see also Gilbert Texas Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118 (Tex. 2010).

And, under Texas law, "[p]roof that the claimed losses occurred during the policy period is an essential element of [an insured's] coverage claim on which it bears the burden of proof." *Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 219 (5th Cir. 2015) (quoting *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200 (5th Cir. 1993)).

And, so, H5R must come forward with evidence that the damage to the Property was caused by a hail event during the policy period, and not another event

occurring outside the policy period, to defeat Scottsdale Insurance's motion for summary judgment.

H5R attempts to meet its burden by pointing to Scottsdale Insurance's Corelogic hail verification report and expert opinions. *See* Dkt. No. 49 at 5.

H5R contends that the Corelogic report, *see* Dkt. No. 41-7 at 19, indicates that 3/4-inch hail occurred at the Property as recently as March 24, 2019, and 3/4-inch hail occurred within a mile of the Property as recently as August 16, 2020, *see* Dkt. No. 49 at 4-5.

And H5R asserts that Scottsdale Insurance's expert report by G. Horne, PE, which states that "many of the holes [in the roof] were consistent with impact from hail," Dkt. No. 41-7 at 9, and accompanying photos evidence that that the Property was damaged by hail, *see* Dkt. No. 49 at 5.

But H5R is unable to create a fact issue because it fails to provide factual support linking the alleged damage to the hail events described above. *Accord Stagliano* 633 F. App'x at 219 (quoting *Martech,* 993 F.2d at 1200) (stating the Fifth Circuit has previously held that "[u]nconfirmed rumors of loss are insufficient" to create a fact issue as to whether the losses occurred during an insurance policy coverage period).

H5R claims that Scottsdale Insurance "ignores the deposition testimony by Terry Moore, an uncompensated construction expert designated by H5R, who agreed with [Scottsdale Insurance's] experts that the damage was caused by hail." Dkt. No. 49 at 5.

As explained in the undersigned's Memorandum Opinion and Order, *see* Dkt. No. 64, Mr. Moore was not designated as a causation expert, and his expert testimony was excluded under Federal Rule of Civil Procedure 37(c)(1) for noncompliance with Federal Rule of Civil Procedure 26(a)(2). And assuming Mr. Moore's testimony was permitted, he too fails to link the alleged damage to one of the hail events that H5R identified from the Corelogic report.

H5R states that "[t]here is no evidence, and [Scottsdale Insurance] does not point to summary judgment evidence, that the hail damage occurred prior to December 18, 2018 – the date that [Scottsdale Insurance] admits that [its] coverage began." Dkt. No. 49 at 4.

But this argument is misplaced because H5R – not Scottsdale Insurance – carries the burden of proving a covered loss during the policy period.

And, according to the unrebutted evidence from Scottsdale Insurance's designated expert Eric Moody's report, "[t]he CoreLogic Hail Verification Report confirmed that no hail was associated with the winter storm event of February 2021," and, "[t]o the extent that any of the noted distress in the corrugated cementitious tile roof was related to hail it is more probable than not that it occurred on May 24th, 2011." Dkt. No. 41-17 at 3-4.

Assuming H5R came forward with evidence that the damage to the Property was caused by the identified hail events in March 2019 or August 2020, both dates fall outside the policy period shown in the Policy's Declarations and implicated in this suit: December 18, 2020 to December 18, 2021. *Compare* Dkt. No. 41-2 at 9 (renewing

-16-

Policy No. CPS 3215869), *with* Dkt. No. 1-2 at 2 (stating that the parties "entered into an insurance contract on or about December 17, 2020 in the form of a renewal of policy #CPS32115869").

H5R has provided no supporting evidence or testimony that the alleged Property damage was caused by a hail event during the policy period from December 18, 2020 to December 18, 2021.

And, so, H5R has failed to satisfy its burden of demonstrating that a covered loss occurred during the policy period. And the Court should find that Scottsdale Insurance is entitled to summary judgment dismissing H5R's breach of contract claim.

### B. Breach of Duty of Good Faith and Fair Dealing

Under Texas law, an action for breach of the common-law duty of good faith and fair dealing requires a showing that the insurer's liability is "reasonably clear." *Stagliano* 633 F. App'x at 221 (quoting *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998)). And "[e]vidence establishing only a bona fide coverage dispute does not demonstrate bad faith." *Simmons*, 963 S.W.2d at 44.

Because the Court should find that H5R failed to establish Scottsdale Insurance's liability under the Policy, the Court similarly should find that H5R failed to adduce sufficient evidence establishing that Scottsdale Insurance violated its common law duty of good faith and fair dealing. *Accord Stagliano v. Cincinnati Ins. Co.*, No. 3:13-cv-2474-O, 2014 WL 11332295 (N.D. Tex. Dec. 9, 2014), *aff'd*, 633 F. App'x 217 (5th Cir. 2015)

### C. Texas Deceptive Trade Practices Act & Insurance Code Claims

A plaintiff must demonstrate that the insurer breached its common law duty of good faith and fair dealing to establish a violation of the Texas Deceptive Trade Practices Act (DTPA) or the Texas Insurance Code. *Lane v. Allstate Ins. Co.*, No. CIV.A. H-04-3555, 2005 WL 6454486 (S.D. Tex. Nov. 21, 2005) (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 460 (5th Cir. 1997)).

If an insurer has a reasonable basis for denying or delaying payment of a claim, the insurer is not liable for bad faith, even if the insurer's decision is later determined to be erroneous. *Higginbotham,* 103 F.3d at 459; *Lyons v. Millers Cas. Ins. Co.,* 866 S.W.2d 597, 600 (Tex. 1993). And, where an insurer has denied a claim that is in fact not covered under its policy, there can be no claim of bad faith. *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995).

Scottsdale Insurance reasonably denied H5R's claim because its investigation found that the alleged Property damage was not caused by a covered loss under the Policy.

And, so, H5R has not established that Scottsdale Insurance had no reasonable basis for denying its claim or otherwise acted in bad faith. *Accord Lane*, 2005 WL 6454486, at *4 ("Plaintiffs have not established that Defendant had no reasonable basis for denying their claim. Rather, Plaintiffs claim was not covered under the language of their insurance policy, because their home was not situated at the insured location when it was damaged. Because Defendant reasonably denied Plaintiffs' claim, Plaintiffs cannot establish that Defendant acted with bad faith. Plaintiffs

therefore cannot establish a claim under [state laws], and summary judgment for Defendant is appropriate.").

And, so, H5R's claims under the DTPA and Insurance Code fail, too.

## Conclusion

The Court should grant Scottsdale Insurance's Motion for Summary Judgment [Dkt. No. 38] and dismiss H5R's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 10, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE